**UNITED STATES of America,**

v.

**Frederick PRO, Defendant.**

**No. 78 Cr. 0610 (RWS).**

United States District Court,
S.D. New York.

Jan. 24, 1989.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (Thomas McC. Souther, Asst. U.S. Atty., of counsel, New York City, for U.S.

Raymond S. Sussman, Brooklyn, for defendant.

OPINION

SWEET, District Judge.

Defendant Frederick Pro ("Pro") has moved to dismiss the probation violation charges pending against him. For the reasons set forth below, the motion is denied, and the violation hearing will take place at a time to be arranged by counsel.

*Prior Proceedings*

On August 24, 1978, Pro pleaded guilty to Count 3 of Indictment 78 Cr. 609 (RWS) and Counts 1 and 17 of Indictment 78 Cr. 610 (RWS), which charged him with violating Title 18, United States Code, §§ 2314 and 2 and Title 18, United States Code, §§ 1341, 371 and 2. On June 8, 1979, Pro was sentenced to five years probation and fined $5,000 on Count 3 of Indictment 78 Cr. 609, five years probation on Count 1 of Indictment 78 Cr. 610. Imposition of sentence on Count 17 of Indictment 78 Cr. 610 was suspended and Pro was fined $5,000 on that count. The probation periods were to run concurrently and were to commence upon the expiration of the prison term imposed on Indictment 78 Cr. 688. The fines were to be consecutive to each other and to the fines imposed on Indictments 78 Cr. 634 and 78 Cr. 688 to certain counts of which Pro also pled guilty. On January 23, 1980, corrected Judgment and Probation/Commitment Orders were filed clarifying the sentences imposed on Indictments 78 Cr. 609 and 78 Cr. 610. On June 2, 1982, the conditions of probation were amended by

ordering the addition of two special conditions of probation.

In September 1980, Pro was released from custody and in January 1981 the five-year period of probation commenced after the expiration of a period of supervised release. Pro entered the Witness Protection Program of the Department of Justice upon his release from custody, but his participation in that program was subsequently terminated.

On October 29, 1982, the United States Probation Office submitted a petition requesting a warrant for the arrest of Pro. An order of November 1, 1982 issued an arrest warrant in connection with Pro's alleged probation violation. The order was lodged as a detainer but not executed.

On or about December 17, 1982, an Indictment was filed in the United States District Court for the Western District of Texas, Austin Division, charging Pro with securities fraud, mail fraud and filing false statements with the Securities and Exchange Commission. Pro, although under arrest and incarcerated in Texas, came to New York to testify as part of his cooperation agreement with the United States Attorney for this District. While in New York the question of bail was raised in the Texas proceeding, Pro was brought before the Magistrate, counsel was assigned, and a coordinate application was made before this court. On March 31, 1983, the application was dismissed, the court stating in open court that a bail decision in Texas would be preliminarily applicable in this district. Pro has been held in custody on the Texas charges since December 1982. On July 15, 1983, Pro was found guilty by a jury of one count of mail fraud, one count of filing false statements, and five counts of securities fraud. On August 25, 1983, Pro was sentenced to a total of twenty years imprisonment, and the Judgment and Commitment Order was filed on August 29, 1983.

On September 22, 1983, the United States Probation Office submitted a memorandum advising of Pro's conviction and sentence in the United States District Court for the Western District of Texas.

The memorandum also informed the court that, after consulting with the Assistant United States Attorney then assigned to this matter, and with the defense counsel Jack Lipson, who apparently was representing Pro at that time, the Probation Office recommended that the parties await the outcome of the appellate process in connection with the charges in Texas before proceeding with the probation violation based upon the conduct which was the subject of that proceeding. In accordance with the customary practice, that recommendation was approved by the court. No copy of the approval or the recommendation of the Probation Department was provided to Pro or his counsel.

On or about May 24, 1984, the United States Court of Appeals, Fifth Circuit, affirmed Pro's conviction, and on July 5, 1984 denied Pro's petition for rehearing and rehearing *en banc*. Pro then filed a motion in the United States District Court for the Western District of Texas pursuant to Fed. R.Crim.P. 35, which the district court treated as a motion to vacate pursuant to 28 U.S.C. § 2255. The district court denied the motion and Pro appealed. On July 28, 1987, the United States Court of Appeals, Fifth Circuit, affirmed the judgment of the district court. Pro followed this opinion with an unsuccessful Rule 35 application to reduce his sentence. A request for a hearing on the probation violation was made to the United States Attorney on Pro's behalf on September 10, 1987.

On or about June 14, 1988, the Probation Office advised this court that Pro had apparently exhausted his last appeal of the conviction and sentence in connection with the Texas charges as of about August, 1987, and requested that the court schedule a date for a hearing on the probation violation. On June 14, 1988, a hearing was scheduled on the probation violation for October 14, 1988.

Pro moved to dismiss the probation violation petition on the grounds that the government failed to conduct a hearing within a reasonable period of time. The motion was adjourned, then heard and marked submitted when the last submis-

sion on behalf of Pro was filed on December 19.

*Conclusions*

The applicable statute is 18 U.S.C. § 3653, which was in effect at the time the petition was filed and the warrant was issued. The statute provides, in pertinent part, that "as speedily as possible *after arrest* the probationer" shall be brought before the court having jurisdiction over the probationer (emphasis added).

 Pro's incarceration on the Texas charges, coupled with the issuance of the probation violation warrant, had the effect of tolling the probation period. *See United States v. Gelb*, 175 F.Supp. 267, 269 (S.D.N.Y.), *aff'd*, 269 F.2d 675 (2d Cir.), *cert. denied*, 361 U.S. 822, 80 S.Ct. 66, 4 L.Ed.2d 66 (1959); *United States v. Bartholdi*, 453 F.2d 1225 (9th Cir.1972). Moreover, because the warrant was never executed and was instead lodged as a detainer, the defendant's right to a hearing was not triggered.

This situation is analogous to that presented in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), in which the Supreme Court held that a parole violator imprisoned for federal crimes committed while on parole was not entitled to an immediate parole revocation hearing where a parole violation warrant was issued and lodged as a detainer, but not executed. *See also Vinson v. Department of Probation*, 472 F.Supp. 1112, 1114 (E.D. N.Y.1979).

■ The September 22, 1983 order delayed the proceedings on the probation violation petition pending the outcome of the appellate process in connection with Pro's 1983 conviction in Texas. That period was exhausted by the end of July 1987. Nine months then elapsed before the June 14, 1988 order scheduling the hearing for October 14, 1988. Pro, who has remained in custody during this period, has adduced no evidence to establish any prejudice relating to this nine month delay.

The government similarly has not established any reason for not moving for the hearing as speedily as possible, relying presumably on the unexecuted status of the arrest warrant.

Even if the arrest warrant is viewed as having been exercised, under the particular circumstances here the requirement for a hearing "as speedily as possible after arrest" is satisfied, despite the delay of nine months.

Although no evidence has been adduced on the subject, the caseload imposed on our Probation Department is a matter of record, and it is entirely reasonable to assume that some form of triage was performed. Pro's application for a hearing received an appropriate priority.

Pro has been incarcerated, the facts relating to his conviction which is the basis for the probation violation have remained fixed. To hold otherwise here would stand reality on its head and constitute a wooden application of the procedural requirement. It would convert a procedural safeguard into an unwarranted absolution for Pro.

The motion is denied. The hearing will be scheduled at the convenience of counsel and the parties.

It is so ordered.