UNITED STATES of America,
Plaintiff–Appellee,

v.

Nicky David PARKER,
Defendant–Appellant.

No. 88–2658.

United States Court of Appeals,
Tenth Circuit.

Aug. 8, 1989.
Rehearing Denied Sept. 8, 1989.

Stephen J. Greubel, Asst. Federal Public Defender, Tulsa, Okl., for defendant-appellant.

Roger Hilfiger, U.S. Atty., and Paul G. Hess, Asst. U.S. Atty., Dist. of Oklahoma, Muskogee, Okl., for plaintiff-appellee.

Before McKAY and ANDERSON, Circuit Judges, and BRATTON, District Judge *.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

On February 25, 1988, Nicky David Parker pled guilty to a single count charge of kidnapping under 18 U.S.C. § 1201 (1982). The trial court sentenced the defendant under section 1201 to a term of imprisonment of seventy-five years and ordered under 18 U.S.C. § 4205(b)(1) (1982) that he would become eligible for parole after serving a minimum term of twenty-five years. The defendant then moved for correction of illegal sentence, contending that his sentence is illegal because the term he must serve in order to become eligible for parole exceeds the legal maximum allowed under 18 U.S.C. § 4205(a) (1982). He appeals the trial court's denial of this motion and urges us to overrule *United States v. O'Driscoll*, 761 F.2d 589 (10th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986), in which we held that the sentencing court in that case properly applied section 4205(b)(1) in ordering that the defendant would become eligible for parole after serving ninety-nine years of a three-hundred-year sentence imposed under section 1201.

* The Honorable Howard C. Bratton, United States Senior District Judge for the District of New Mexico, sitting by designation.

■ The legality of the defendant's sentence is a question of law which we review *de novo*. *See United States v. McCrae*, 714 F.2d 83, 84 (9th Cir.), *cert. denied*, 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983). Under section 1201 the defendant may be "punished by imprisonment for any term of years or for life." 18 U.S.C. § 1201 (1982). Section 4205 governs time of eligibility for release on parole. Although the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, § 218(a)(5), 98 Stat. 1837, 2027 (1984) (the "Act"), repealed section 4205, it also enacted a Savings Provision which provides that

> The following provisions of law in effect on the day before the effective date of this Act shall remain in effect for five years after the effective date as to an individual who committed an offense ... before the effective date ...:
>
> (A) Chapter 311 [§§ 4201–18] of title 18, United States Code....

Pub.L. 98–473, § 235(b)(1)(A), 98 Stat. 1837, 2032 (1984), *amended by* Criminal Law and Procedure Technical Amendments Act of 1986, Pub.L. 99–646, § 35, 100 Stat. 3592, 3599 (1986) and Sentencing Act of 1987, Pub.L. 100–182, § 2, 101 Stat. 1266 (1987).[1]

The effective date of the Act is November 1, 1987. Pub.L. 98–473, § 235(a)(1), 98 Stat. 1837, 2031 (1984), *amended by* Sentencing Reform Amendments Act of 1985, Pub.L. 99–217, § 4, 99 Stat. 1728 (1985). The defendant committed this offense on September 22, 1987. Because the defendant committed the offense to which he pled guilty before the effective date of the Act, his sentence is still governed by section 4205.

Subsections (a) and (b) of section 4205 provide that

> (a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving *one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years*, except to the extent otherwise provided by law.

> (b) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, *which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court*, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commissioner may determine.

18 U.S.C. § 4205(a), (b)(1) (1982) (emphasis added). In *United States v. O'Driscoll*, the leading case in our circuit construing section 4205, we held that the trial court properly applied section 4205(b)(1) in ordering that a defendant would become eligible for parole after serving ninety-nine years of a three-hundred-year sentence imposed under section 1201. 761 F.2d at 596.

The defendant contends that *O'Driscoll* is incorrect because section 4205(a) limits the term a defendant must serve in order to become eligible for parole to a legal maximum of ten years. He also argues that *O'Driscoll* must be overruled because section 4205(b)(1) may only be used by a trial court to advance the date of parole eligibility, not postpone it as well. Thus, under the defendant's reading of section 4205, subsection (a) creates a standard one-third-of-the-sentence term, which determines parole eligibility, while subsection (b)(1) gives the sentencing court the option of advancing the date of parole eligibility to one preceding the expiration of one-third of the defendant's sentence. We need not address whether *O'Driscoll* was correctly decided or reasoned because we find that the defendant's sentence under section 4205 must be affirmed on other grounds.

---

1. With regard to this Savings provision, we commend defendant's counsel for fulfilling the ethical and clearly difficult duty of advising us of authority adverse to his client's interest.

■ Our statutory analysis "must begin with the language of the statute itself." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). Under the plain language of section 4205, subsection (a) applies to a federal prisoner who is "confined and serving a definite term or terms of more than one year." 18 U.S.C. § 4205(a) (1982). Subsection (a)'s introductory language is not mere verbiage; it must have meaning. We read this clause to mean that section 4205(a) applies to a prisoner who is serving time but whose parole eligibility date was not set by the sentencing court. In that case, the prisoner automatically becomes eligible for release on parole after serving one-third of his sentence, or ten years, whichever is less.[2] *See United States v. Gwaltney,* 790 F.2d 1378, 1387 (9th Cir.1986), *cert. denied,* 479 U.S. 1104, 107 S.Ct. 1337, 94 L.Ed.2d 187 (1987).

■ In addition, subsection (a) sets the parole eligibility term "except as otherwise provided by law." 18 U.S.C. § 4205(a) (1982). Subsections (b)(1) and (b)(2) do just that. Section 4205(b)(1) plainly provides that *at the time of sentencing* a trial judge may avoid the operation of subsection (a)'s automatic eligibility provision by designating a minimum term, not "more than one-third of the maximum sentence imposed," which must be served before the defendant becomes eligible for parole. Clearly, under subsection (b)(1) the sentencing court may sentence the defendant to any authorized term of years and at the same time designate that he will become eligible for parole after he has served one-third of the authorized sentence. Subsection (b)(2) also permits the sentencing court to avoid the operation of subsection (a). Under subsection (b)(2), the trial court defers its parole eligibility determination to the Parole Commissioner. In that instance, the statute sets no minimum term which must be served before the defendant becomes eligible for parole. Certainly Congress did not intend to create new provisions which would have no meaning under the existing subsection (a).

Furthermore, we find no indication on the face of the statute that section 4205(b)(1) is intended solely as a tool for advancing the date of parole eligibility. In fact, our reading of subsection (b)(1) leads us to a contrary conclusion. In our view, subsection (b)(1) would not designate the same parole eligibility cap, one-third of the sentence, as subsection (a) if it were intended solely as an advancing provision. In other words, why would the statute create a one-third or ten-year ceiling in one provision, then allow a court to advance the parole eligibility date but repeat the one-third ceiling, especially absent the ten-year limitation? We think subsection (b)(1)'s one-third cap makes sense only if we construe subsection (b)(1) as an independent sentencing provision.[3]

In this case, the trial court sentenced the defendant to a term of seventy-five years ("any term of years") and ordered that he would become eligible for parole after serving twenty-five years (a term "not more than one-third of the maximum sentence imposed by the court"). Because the sentence and the parole eligibility term ordered by the trial court comply with 18 U.S.C. § 1201 and 18 U.S.C. § 4205, the defendant's sentence is legal and must be affirmed.

AFFIRMED.

---

2. We do not believe this subsection can be properly construed without reference to its initial clause. Disregard of that clause leads to an unwarranted and improper emphasis on the final clause's supposed direction that no defendant may serve more than ten years before he becomes eligible for parole.

3. Because we believe that the language of the statute is plain, we need not engage in an extended discussion of the ambiguous legislative history in this area.