 Michael F. Scott of Scott & Barrera, Denver, Colo., for defendant-appellant.

James P. Moran, Asst. U.S. Atty. (Michael J. Norton, Acting U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Before LOGAN, BARRETT, and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Julian Roger Sanchez appeals from the district court's order revoking his probation and imposing two concurrent one-year sentences for his prior conviction on two counts of unlawful possession of food stamps in violation of 7 U.S.C. § 2024(b). On appeal, defendant challenges the timeliness of the issuance of the warrant for his probation violation. We affirm.

Defendant was originally convicted in 1981 and sentenced to five years imprisonment. Execution of all but four months of the sentence was suspended, with a probationary period of four years and eight months to commence upon his release. Defendant was released on March 1, 1984; therefore, his probation was to run until

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Julian Roger SANCHEZ,
Defendant–Appellant.**

**No. 89–1160.**

United States Court of Appeals,
Tenth Circuit.

June 29, 1990.

October 31, 1988. On October 27, 1988, defendant was arrested and charged with possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. As a result of this arrest, on October 31, 1988, the last day of defendant's probation, the district court ordered a warrant for defendant's arrest for probation violation. The warrant, however, was not issued until November 2. Thereafter, defendant was convicted on the marijuana charge. Consequently, the district court revoked defendant's probation on the food stamp conviction. Defendant now appeals.

■ The only issue on appeal is whether the arrest warrant for the probation revocation was timely issued. 18 U.S.C. § 3653 provides that "[a]t any time within the probation period, or within the maximum probation period [of five years] permitted by section 3651 of this title, the court for the district ... may issue a warrant for [the probationer's] arrest for violation of probation occurring during the probation period." It is clear that defendant's probation violation occurred during his probation period. And although the warrant did not issue until two days after his four-year-and-eight-month probation had expired, it did issue within the statutory maximum probation period of five years. This was sufficient to give the district court jurisdiction over defendant's probation revocation under 18 U.S.C. § 3653 if that section applies. *Gammarano v. United States*, 732 F.2d 273, 277 (2d Cir.1984); *United States v. Hill*, 719 F.2d 1402, 1404 (9th Cir.1983); *United States v. O'Quinn*, 689 F.2d 1359, 1360–61 (11th Cir.1982); *United States v. Blunt*, 680 F.2d 1216, 1218–19 (8th Cir. 1982); *United States v. Swanson*, 454 F.2d 1263, 1264–65 (7th Cir.1972).

■ Defendant argues that 18 U.S.C. § 3653 is inapplicable because it was repealed and replaced by the Sentencing Reform Act of 1984, which provides that a warrant for probation revocation must issue within the period of probation. 18 U.S.C. § 3565(c).[1] The Sentencing Reform Act applies, however, only to "offenses" committed after November 1, 1987. Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 1837, 2031 (1984), *as amended by* Sentencing Act of 1987, Pub.L. No. 100–182, § 2, 101 Stat. 1266, 1266. Defendant contends that the relevant "offense" in this case is the possession of marijuana that triggered revocation of his probation on the food stamp conviction. But we believe an act triggering revocatior f probation is not an "offense" within the meaning of the Sentencing Act. Revocation of probation does not carry its own punishment, but merely allows the court to set a new sentence for the original conviction. Indeed, many acts that trigger revocation of probation carry no criminal sanction at all once probation expires. The relevant "offense" in this case, defendant's unlawful possession of food stamps, was committed many years before the November 1, 1987, effective date of the Sentencing Reform Act; therefore, that statute can have no application to defendant's probation revocation. *See United States v. Parker*, 881 F.2d 945, 946 (10th Cir.1989), *cert. denied*, ⸻ U.S. ⸻, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990); *Gallardo v. Quinlan*, 874 F.2d 186, 188 (3d Cir.), *cert. denied*, ⸻ U.S. ⸻, 110 S.Ct. 373, 107 L.Ed.2d 359 (1989); *United States v. Burgess*, 858 F.2d 1512, 1513–14 (11th Cir.1988).

AFFIRMED.

---

1. The district court held that even if the new statute is applicable, the controlling event is the court's order for the warrant, not the actual issuance of the warrant. *Accord United States v. Caulfield*, Crim. No. 81–00003 (E.D.Pa.1986) (available on WESTLAW, 1986 WL 3058). We need not and do not address that issue.