**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**William D. SCHIMMEL, Defendant–Appellant.**

**No. 90–2993.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 13, 1991.

Decided Dec. 6, 1991.

Christina McKee, Asst. U.S. Atty., Sharon Jackson (argued), Office of U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Ralph L. Tambasco, Indianapolis, Ind. (argued), for defendant-appellant.

Before CUDAHY and EASTERBROOK, Circuit Judges, and MOODY, District Judge.[*]

MOODY, District Judge.

William D. Schimmel appeals the revocation of his probation. We must decide whether the district court had jurisdiction. We conclude that it did.

## I. BACKGROUND

In 1984, the United States District Court for the Western District of Kentucky convicted Schimmel of mail fraud and transporting fraudulently obtained goods in interstate commerce. The court suspended a sentence of one year and one day on each count, and placed Schimmel on probation for five years. Probation began on November 14, 1984, with supervision eventually transferred to the Southern District of Indiana.

In March and April of 1985, Schimmel made false statements to a federally insured bank. On September 25, 1989, a federal grand jury in the Southern District of Indiana charged him with two counts of violating 18 U.S.C. § 1014. An arrest warrant issued on the § 1014 indictment, and the defendant surrendered when the Marshals served it on October 10, 1989. The court then released Schimmel on bond, ordering him to report to pretrial services twice weekly.

Schimmel's probation supervision ceased upon his arrest on October 10, 1989. On November 3, 1989, Schimmel's probation officer filed a petition to revoke Schimmel's probation under the Kentucky sentence because of the § 1014 indictment. The officer notified Schimmel that she was initiating revocation proceedings. However,

while the officer requested a summons, the court did not issue one.

On November 21, 1989, the defendant received a letter from the probation office stating that he was discharged from probation on November 13, 1989. The district court, however, had not ordered or approved this letter.

On January 18, 1990, after trial before Judge Sarah Evans Barker, a jury convicted the defendant of making false statements to a bank. On February 1, 1990, the government filed a second petition for probation revocation, again premised on the bank crimes, but adding that Schimmel stood convicted on both counts. On February 2, 1990, Judge S. Hugh Dillin responded to the second petition by issuing an arrest warrant ordering Schimmel to appear on February 8, 1990. However, the court postponed service of the warrant pending sentencing by Judge Barker in the bank case.

On February 23, 1990, Judge Barker sentenced Schimmel to three years in prison for the bank crimes. On March 6, 1990, the Marshal Service served the probation revocation warrant. On March 30, 1990, Judge Dillin held a hearing at which Schimmel questioned the court's jurisdiction for the first time. Schimmel's counsel argued in open court that jurisdiction did not exist under 18 U.S.C. § 3565(c) because no warrant or summons had issued before his term of probation ended. The government's counsel responded extemporaneously, having no prior notice of the jurisdictional defense. The court then engaged in a dialogue with counsel for each side, noted its need to research the law, and ordered briefs.

In its brief, the government argued for the first time that § 3565(c) does not apply to offenses committed before November of 1987. Judge Dillin subsequently agreed and ruled that he had jurisdiction under former 18 U.S.C. § 3651, *et seq.*, and former § 3653 in particular. The court even-

---

[*] The Hon. James T. Moody, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

tually conducted a hearing on the merits, and revoked defendant's probation, sentencing him to six months incarceration consecutive to any other sentence.

## II. ANALYSIS

Schimmel contends the government waived its argument under former § 3653 by failing to object to the defendant's use of § 3565(c) during Judge Dillin's March hearing, thus requiring the court to apply § 3565(c). Schimmel makes this argument because § 3565(c) explicitly requires the district courts to initiate revocation proceedings by issuing a warrant or summons within the term of probation, while former § 3653 does not. Schimmel's chief argument, however, is that the district court had no jurisdiction to revoke his probation even under § 3653.[1]

■ Schimmel's first argument is frivolous. It is unreasonable to suggest that the government somehow waived every argument that its counsel could not produce at a moment's notice on his feet at a hearing. Under any fair reading of the record, Judge Dillin ordered briefs for the very purpose of allowing each side to look into the law more deeply and advise the court as completely as possible.[2] Nothing in the record suggests that Judge Dillin meant to take what would have been the remarkable step of limiting counsels' input to the wrong statute.[3] The court appreciates that appellate counsel for Schimmel has vigorously pursued his duty of zealous advocacy, but notes also that "it has long been understood that lawyers best serve their clients' interests by concentrating on—and presenting fully—the subjects with the best chances of producing a favorable result." *United States v. Bradley*, 892 F.2d 634, 635 (7th Cir.1990), *cert. denied,* —— U.S. ——, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990) (citing *Jones v. Barnes*, 463 U.S. 745, 751–53, 103 S.Ct. 3308, 3312–14, 77 L.Ed.2d 987 (1983)).

Turning to the statutes themselves, the court notes initially that former § 3653 is indeed the applicable statute,[4] providing in pertinent part:

1. Schimmel also hints in his reply brief that the probation office's notice of probation termination somehow barred the government from pursuing revocation of his probation. This line of attack is too undeveloped and the argument too lacking in promise to warrant any attention on the merits. This court has repeatedly "made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991) (collecting authorities).

2. Near the end of the hearing, the following dialogue took place between Judge Dillin and counsel for the government:

   THE COURT: I don't want to interrupt you. But since this defense wasn't raised before now, I haven't had a chance to look at the annotations under that statute. I doubt if you have either; is that right?

   MR. BARNES: That's correct.

   THE COURT: I will take this matter under advisement. But I don't mind telling you that my first impression is that the defendant is probably correct. But I will give you until this time next week to submit anything you might be able to find to support your point of view, Mr. Barnes. *If you have anything further to submit, you may do that as well.* (Emphasis added). Judge Dillin followed up on the hearing with an entry of March 30, 1990, which states simply that "the Court orders the

parties to brief the matter" by a date certain. Nothing in the written entry speaks in terms of limiting the government's arguments to those raised in open court.

3. The court notes in passing that under Local Rules 1(f) and DE IV–B of the Southern District of Indiana, trial counsel for the defendant was bound by the Indiana Rules of Professional Conduct, which imposed on him the duty of briefing the proper statute to the court even if the government had never discovered it. IND. R.PROF. CONDUCT 3.3(a)(3).

4. The government correctly argues that § 3653 was repealed by the Sentencing Reform Act of 1984, Pub.L. 98–473, tit. II, § 212(a)(2), 98 Stat. 1987, except for offenses occurring before November 1, 1987. *See* Pub.L. 98–473, tit. II, § 235, 98 Stat. 2031, as amended (set forth as note under 18 U.S.C.A. § 3551 (1985 & Supp. 1991)). Thus, whether the offense at issue in this case is properly considered the 1984 conviction or (as the district court apparently thought) the 1985 violations of the probation imposed upon that conviction, the repealed statute controls. *See generally United States v. Sanchez,* 907 F.2d 127, 128 (10th Cir.1990) ("[W]e believe an act triggering revocation of probation is not an 'offense' within the meaning of the Sentencing Act.").

At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision may issue a warrant for his arrest for violation of probation occurring during the probation period. Such warrant may be executed in any district by the probation officer or the United States marshal of the district in which the warrant was issued or of any district in which the probationer is found. If the probationer shall be arrested in any district other than that in which he was last supervised, he shall be returned to the district in which the warrant was issued, unless jurisdiction over him is transferred as above provided to the district in which he is found, and in that case he shall be detained pending further proceedings in such district.

As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

Schimmel argues that under this provision his probation revocation proceedings were untimely because he received no summons or warrant before November 13, 1989, the last day of the imposed five year maximum term of probation. The government makes three alternative arguments in response: (1) the February warrant was timely because the crimes in 1985 tolled the running of Schimmel's term of probation, (2) the February warrant was timely because the October 10, 1989, arrest for bank crimes tolled the running of defendant's term of probation, or (3) no warrant or summons was necessary, and the initiation of formal revocation proceedings on November 3, 1989, was timely without any tolling. The government's second and third arguments prevailed in the district court, and prevail again in this court.

### A. Tolling

■ A term of probation is tolled when the probationer is "not in fact under probationary supervision by virtue of his own wrongful act." *United States v. Bazzano*, 712 F.2d 826, 855 (3d Cir.1983) (en banc), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984). "The focus has been on whether the probationer's wrongful act resulted in the termination of probation supervision...." *United States v. Workman*, 617 F.2d 48 (4th Cir.1980) (collecting cases). *See also United States v. Brandt*, No. 87 C 5113, 80 CR 90–4, 1987 WL 16235 (N.D.Ill. Aug. 26, 1987) (collecting cases). On October 10, 1989, Schimmel surrendered to the Marshals, his probation supervision ceased, and his conduct while on bond became a matter for Judge Barker. The district court reasoned correctly, therefore, that Schimmel's term of probation was tolled from October 10, 1989. Schimmel *never* completed his term of probation before revocation, and the warrant served on March 6, 1990, was timely. Thus, the district court had jurisdiction whether or not a warrant or summons is required.

### B. Warrants

■ Like the district court, and in the alternative, we agree with the position of the Third, Eighth, and Eleventh circuits, which have held in various contexts that jurisdiction may exist under former § 3653 even if no arrest warrant issues. *Bazzano*, 712 F.2d at 834–35 ("It is difficult to think of a reason why a court should arbitrarily lose jurisdiction at the end of the five-year statutory period when the alleged probation violation took place within the five year period and the probationer was formally notified within that period that the government would seek to revoke his probation."); *United States v. Strada*, 503 F.2d 1081, 1083–84 (8th Cir.1974) ("It is our view that the issuance of an arrest warrant

within the five year period is not the *exclusive* means by which tolling of the period for revocation can occur." (emphasis original)); *United States v. O'Quinn,* 689 F.2d 1359, 1360–61 (11th Cir.1982) (jurisdiction arose from filing petition within maximum period). We are persuaded that when the statute states that the district court "may issue a warrant" for a probationer's arrest, it *does not* subtextually require that the district court *must* issue a warrant to obtain jurisdiction. As Judge Dumbauld of the Western District of Pennsylvania has explained:

> [T]he intent of the statute is not to require issuance of an arrest warrant in every case as a talismanic condition precedent to revocation of probation, but merely to authorize an effective (and sometimes perhaps the only effective) means available to secure defendant's appearance in court for the revocation hearing. If other less drastic methods are sufficient to serve the purpose, issuance of an arrest warrant is not indispensable in order to conduct a valid revocation hearing.

*United States v. Fontana,* 510 F.Supp. 158, 161 (W.D.Pa.), *aff'd* 673 F.2d 1303 (3rd Cir.1981) (table), *cert. denied,* 455 U.S. 957, 102 S.Ct. 1468, 71 L.Ed.2d 675 (1982). *See also United States v. Miller,* 454 F.Supp. 440, 442–43 (N.D.Ill.1978) (Flaum, J.) (citing *Strada* ). Accordingly, we hold that the initiation of formal proceedings by filing a petition within the maximum period of probation is sufficient to confer jurisdiction under former § 3653, providing the probationer is given notice where notice is practicable.[5]

■ In this case, the government initiated revocation proceedings by filing a petition within the five year limitations period arising from former § 3653. Further, Schimmel had notice of the government's petition to revoke his probation during the maximum period. This case, however,

presents a wrinkle that neither the district court nor any other court seems to have addressed head on. The wrinkle arises because the second petition, on which Schimmel stands sentenced to six months incarceration, was not filed within the maximum five year period. The first petition was timely, and Schimmel had notice of it. But the first petition was replaced by the second many weeks after the five year period had run. Before turning back to one of the government's tolling arguments as a means of avoiding this problem, we look to analogous limitations law for a solution. The closest analogy is to the law controlling superseding indictments, which has been developed in this circuit by the district courts. It is held that "a true 'superseding indictment' is generally not barred by limitations." *United States v. Lytle,* 677 F.Supp. 1370, 1376 (N.D.Ill.1988) (citing *United States v. Friedman,* 649 F.2d 199, 203–04 (3rd Cir.1981)) (footnote omitted). This general rule begs the question, of course, and courts have answered it: "To the extent that the new language broadens the timely original charges, the superseding charges are barred by the statute of limitations." *United States v. Roth,* 669 F.Supp. 1386, 1390 (N.D.Ill.1987) (citing *Friedman* and *United States v. Grady,* 544 F.2d 598, 601–02 (2d Cir.1976)). *See also United States v. Lytle,* 658 F.Supp. 1321, 1323–24 (N.D.Ill.1987) (collecting cases). Further, "notice is the touchstone in deciding whether a superseding indictment substantially changes the original charges." *Lytle,* 677 F.Supp. at 1376 (quoting *Grady,* 544 F.2d at 601).

In this case, examining the second petition as if it were a superseding indictment by a grand jury, the change in language from the first petition is of no substance. The second petition merely updates the information in the first by stating that the § 1014 charges underlying the revocation

---

**5.** Schimmel argues that the Tenth Circuit's opinion in *Sanchez* calls for a warrant as a jurisdictional matter. *Sanchez* says no such thing. As Schimmel acknowledges in his brief, the facts in *Sanchez* involved a warrant that issued within the maximum probation period. And while the

Tenth Circuit did rely exclusively on the warrant, nothing in *Sanchez* suggests a petition was ever filed. It would unreasonably strain the usefulness of negative implication as an interpretive tool to suggest that *Sanchez* contains even a dictum on the issue before this court.

proceedings resulted in a conviction.[6] No broader charge is contemplated by the second petition, and the notice given by the first was sufficient.

Accordingly, the district court had jurisdiction because the government timely filed its first petition with notice to Schimmel and the second petition worked no substantive change in the first.

### III. CONCLUSION

Like the district court, we express no opinion on the government's remaining tolling argument. For the reasons discussed above, the judgment of the district court revoking Schimmel's probation and imposing a sentence of six months incarceration is AFFIRMED.

---

6. The petition of November 3, 1989, alleges: "On September 25, 1989, the defendant was Indicted by a Southern District of Indiana Grand Jury and charged with Making a False Statement to a Bank, in violation of [18 U.S.C. § 1014]." The petition of February 1, 1990, repeats this allegation verbatim, adding only the following sentence: "On January 18, 1990, he was convicted of both counts by a jury."