**UNITED STATES of America**

.v.

**Emma Lee THOMPSON.**

**Crim. No. B–90–19 (JAC).**

United States District Court,
D. Connecticut.

Jan. 13, 1994.

Peter A. Clark, Asst. U.S. Atty., New Haven, CT, for Government.

Richard A. Reeve, Asst. Federal Public Defender, New Haven, CT, for defendant.

## RULING ON PROBATION VIOLATION

JOSÉ A. CABRANES, Chief Judge:

The question presented is whether the defendant's term of probation can·be tolled during the period in which she absconded from probationary supervision.

### BACKGROUND

On October 4, 1990, the defendant, Emma Lee Thompson, appeared before this court and was sentenced for Conspiracy to Use Unauthorized Credit Card Account Names and Numbers, in violation of Title 18 of the United States Code, Section 1029(c)(1). The court sentenced her to 3 years imprisonment, suspended forthwith, and 5 years probation, with the following special conditions: (1) that the defendant pay restitution in the amount of $115.15; (2) that the defendant obtain vocational or educational training; and (3) that the defendant shall submit to random urinalysis as deemed necessary by the United States Probation Office. Accordingly, the defendant's term of probation is currently scheduled to expire in October 1995, approximately 21 months from now.

By a memorandum dated September 23, 1992, United States Probation Officer Wendy Brazalovich informed the court that the defendant had violated her probation by, *inter alia*, failing to report to the Probation Office. On September 29, 1992, the court issued a warrant requiring the defendant to appear and show cause as to why her probation should not be provoked. The defendant, however, did not make her whereabouts known to the Probation Office until August 19, 1993—approximately 11 months after the issuance of the warrant—when she surrendered herself at the office of the United States Marshal in Bridgeport, Connecticut.

On August 20, 1993, the defendant was presented before United States Magistrate Judge Holly B. Fitzsimmons. Magistrate Judge Fitzsimmons found probable cause that the defendant had violated the terms of her probation. However, Magistrate Judge Fitzsimmons continued the case for a probation violation·and sentencing hearing, following the completion of a psychiatric examination.

That hearing was held before this court on the record and in open court on January 12, 1994, where the defendant, through counsel, admitted to absconding from probationary supervision during the period in question. In an oral order, the court then entered a formal finding of a probation violation and ordered that the defendant's probation be continued for a period of 32 months. This ruling supplements the court's oral ruling of January 12, 1994.

## DISCUSSION

### I.

■ A term of probation is tolled when the probationer is not in fact under probationary supervision by virtue of her own wrongful act. *See United States v. Schimmel,* 950 F.2d 432, 435 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1575, 118 L.Ed.2d 218 (1992); *United States v. Bazzano,* 712 F.2d 826, 835 (3d Cir.1983) (per curiam) (en banc) (Garth, J.),[1] *cert. denied,* 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984); *United States v. Rodriguez,* 682 F.2d 827, 829 (9th Cir.1982); *United States v. Workman,* 617 F.2d 48, 51 (4th Cir.1980); *United States v. Lancer,* 508 F.2d 719, 733 (3d Cir.) (en banc), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975); *United States v. Pro,* 708 F.Supp. 523, 525 (S.D.N.Y.1989). The central question is whether the probationer's wrongful act resulted in the termination of probation supervision. *Schimmel,* 950 F.2d at 435; *Workman,* 617 F.2d at 51.

■ Here, the September 29, 1992 warrant requiring the defendant's appearance served as official notice that she was no longer considered to be under the supervision of the Probation Office and that her probation could therefore be revoked. The defendant, however, did not present herself to federal authorities until August 1993. Put simply, it is not disputed that the defendant absconded from probationary supervision for a period of approximately eleven months. Under the circumstances presented here, the court finds that the defendant's term of probation should be tolled. *See Pro,* 708 F.Supp. at 525 (holding that issuance of probation violation warrant had the effect of tolling the probation period); *cf. Caballery v. United States Parole Commission,* 673 F.2d 43 (2d Cir.) (holding that—under the now-repealed Youth Corrections Act, which required, at 18 U.S.C. § 5017(c), that a 6–year sentence run uninterrupted—absconding tolls the running of the term), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *Henrique v. United States Marshal,* 653 F.2d 1317 (9th Cir.1981) (same), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1452, 71 L.Ed.2d 664 (1982).

Indeed, the contrary result would be irrational in that it would require the court either to do little or nothing to enforce the terms of the defendant's probation, or to revoke her probation and sentence her to a term of imprisonment.[2] Such rigidity serves neither the ends of justice, the interests of the defendant, or the purposes of a probationary sentence. The result achieved here, on the other hand, provides the court with flexibility in imposing just punishments for probation violations, obviates the need for incarceration, and best serves the purposes of the criminal sanction.

Accordingly, the court hereby orders that the defendant's probation be continued for another 32 months—that is, until September 3, 1996. This figure is comprised of the 21 months which remain on the defendant's current term of probation plus the 11 months during which the defendant eluded supervision.

### II.

Furthermore, the court hereby imposes the following additional special conditions—that is, in addition to the special and standard conditions imposed as part of the October 4, 1990 sentence:

---

1. Judge Garth's separate opinion set forth the reasons for the court's unanimous holding that the district court's power to revoke the defendant's probation was not time-barred. *See* 712 F.2d at 829.

2. The defendant claims that the court could impose additional conditions on the defendant's probation without extending the *term* of her probation. Indeed, the court here has imposed additional conditions on the defendant's probation. *See* Part II, *infra.* In the court's view, however, this option, standing alone, would not adequately address the defendant's evasion of her probationary supervision. In the circumstances presented, the court doubts the value of adding conditions of probation while at the same time allowing the defendant to serve a shorter period actually under supervision than originally intended. It would be ironic, and unfortunate for the defendant, if the court did not have the authority to toll the eleven months in question and add them to the defendant's term of probation when it clearly has the authority to impose a term of imprisonment.

(1) that the defendant obtain mental health treatment as deemed necessary from time to time by the United States Probation Office; and

(2) that the defendant adhere to the strict reporting requirements, whatever they may be, established by the United States Probation Office.

## CONCLUSION

Based on the record, and for the reasons stated above, it is hereby ordered that the defendant's probation be continued for another 32 months, with the additional special conditions described above.

It is so ordered.

