34 F.3d 1077
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David WOLFE, Defendant-Appellant.
 No. 93-5211.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 David Wolfe pleaded guilty to three counts of mail fraud in violation of 18 U.S.C. 1341. He was sentenced to three years incarceration pursuant to 18 U.S.C. 4205(b)(2), fined $25,000 on each count pursuant to 18 U.S.C. 3751 and ordered to pay $20,000 in restitution. Mr. Wolfe now appeals arguing that the fines imposed under 3571 were improper because the statute was not in effect at the time he committed his crimes. We exercise jurisdiction under 28 U.S.C. 2255, vacate the order for restitution and the fines imposed pursuant to 18 U.S.C. 3571 and remand to the district court for further proceedings in accordance with this opinion.
 
 
 3
 The record indicates that Mr. Wolfe's mail fraud activities occurred from April 1986 through October 1986. The information alleges that the activities may have continued into September of 1987. The district court imposed a fine of $25,000 on each count of mail fraud pursuant to 18 U.S.C. 3571. Mr. Wolfe's position on appeal is that the effective date of 3571 was November 1, 1987 and therefore was not in effect at the time his crimes were committed. The government contends that the statute was in effect "shortly after the statute was enacted in 1984" and was in effect at the time Mr. Wolfe committed mail fraud. We disagree.
 
 
 4
 It is abundantly clear from the statute itself that the effective date of 3571 is November 1, 1987. 18 U.S.C. 3571 (Supp.1994) (Historical and Statutory Notes); see also 18 U.S.C. 3551 (Supp.1994) (the effective date of the Sentencing Reform Act is November 1, 1987). It is well established in this circuit that the provisions of the Sentencing Reform Act apply to offenses committed after November 1, 1987. United States v. Sanchez, 907 F.2d 127, 128 (10th Cir.1990) (1987 amendment to Sentencing Reform Act established November 1, 1987 as the effective date of the statute, Pub.L. No. 98-473, 235(a)(1), 98 Stat.1987 (1984), as amended by Sentencing Act of 1987, Pub.L. No. 100-182, 2, 101 Stat. 1266). Because Mr. Wolfe's offenses were committed prior to the effective date of 3571 and because we find the basis for the order for restitution unclear, we VACATE the fines and the order for restitution and REMAND to the district court for resentencing on the fines imposed under 18 U.S.C. 3571.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470