UNITED STATES of America

v.

Mark JOHNSON

No. CRIM. AW–00–0571.

United States District Court,
D. Maryland.

March 16, 2001.

Hollis Raphael Weisman, U.S. Atty. Dist. of Md., Greenbelt, MD, for U.S.

Paula Xinis, Office of Fed. Public Defendant., Greenbelt, MD, for Mark Johnson.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court is Defendant's Appeal from the decision of United States Magistrate Judge William Connelly in which the judge denied Defendant's Motion to Dismiss the violation of probation petition for lack of jurisdiction. Defendant seeks reversal of this decision and requests that the sentence imposed be vacated. In addition, Defendant requests that the Court direct the lower court to grant Defendant's Motion to Dismiss the probation violation petition. The United States Government has filed an Opposition to Defendant's Appeal. Subsequently, Defendant submitted a Reply to the Government's Opposition.

The Court has considered the materials submitted by both sides. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.). For the reasons set forth below, the Court will affirm the conviction.

### Background

Defendant originally appeared before Judge William Connelly on July 12, 1999. During that appearance, Defendant plead guilty to two misdemeanors: (1) operating an unregistered vehicle and (2) driving without a license. Consequently, Defendant was placed on probation for a period of one year with the stipulation that he "shall not commit another federal, state, or local crime." (Gov't['s] Opp'n to Def['s] Appeal at 1).

In May 2000, Defendant's probation officer, Ms. Eleanor Urban, discovered that Defendant had been arrested in the District of Columbia for a crime committed during his probationary period. Ms. Urban's investigation of the city's records indicated that Defendant had been charged with "Escape, from Institution." As a result, on May 31, 2000, Ms. Urban

filed a petition in which she alleged that Defendant had violated the conditions of his probation by committing another crime during his one-year term of probation. Subsequently, on June 20, 2000, the court informed Defendant of the probation violation allegation against him and issued him a summons to appear in court on the violation of probation petition at a later date. Defendant's one-year period of probation ended on July 12, 2000. Shortly thereafter, the Government learned that there had been a keying error and as a result, the wrong charge for Defendant had been entered into the city's computer records. Instead of having been charged with "Escape, from Institution," Defendant had actually been charged with "Unlawful Possession With Intent to Distribute a Controlled Substance." (Gov't['s] Opp'n to Def['s] App. at 2).

On July 19, 2000, Ms. Urban filed a second petition which again alleged that Defendant had violated the conditions of his probation by committing another crime while on probation. This petition differed from the initial one in that it listed the charged crime as possession of a controlled substance instead of as an escape charge as had been stated in the initial petition.

Defendant then filed a Motion to Dismiss the second petition on the basis that pursuant to 18 U.S.C. § 3565(c) ("section 3565(c)"), it was untimely filed and thus the court lacked jurisdiction to consider it. (Def['s] App. at 2). The court denied Defendant's motion, finding that the second petition was an "amendment" of the original petition and therefore the court's jurisdiction had been preserved. *Id.* The court then sentenced Defendant to four days of incarceration for violation of probation. From that decision, Defendant appeals.

## Discussion

When reviewing a magistrate judge's decisions, the District Court must conduct a *de novo* review. 28 U.S.C.A. § 636(b)(1) (Supp.1992); Fed.R.Civ.P. 72(b) (1983). "Pursuant to 28 U.S.C. § 636(b)(1)(B)...the district court shall make a de novo determination as to those portions of the magistrate judge's proposed findings and recommendations to which specific objections are made." *Jernigan v. Chater,* 973 F.Supp. 534, 535 (D.Md.1997). "Federal Rule 72(b) requires the Court to 'make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made [.]'" *Allnutt v. U.S. Dept. of Justice,* 99 F.Supp.2d 673, 674 (D.Md.2000) (quoting Fed.R.Civ.P. 72(b)).

Defendant argues that since the second petition was filed seven days after the expiration of his probation and without issuance of a warrant or summons, the Magistrate Court lacked jurisdiction to hear that petition. (Def['s] App. at 3). To support this claim, Defendant relies on section 3565(c), which states in relevant part:

> The power of a court to revoke a sentence of probation for a violation of a condition of probation...extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3565(c). Defendant has interpreted this language to mean that "if a Court receives a petition *after* probation naturally expires...it cannot issue a warrant or summons on that petition as required under § 3565(c). Thus, the Court lacks jurisdiction to hear a petition filed after probation naturally expired."

(Def['s] App. at 3). The Court does not agree with Defendant's conclusion.

As the Government correctly points out, only the Seventh Circuit has examined a situation analogous to the one at present. In *United States v. Schimmel*, 950 F.2d 432 (7th Cir.1991), the defendant, while on probation, was arrested on criminal charges. Upon learning of this arrest, the defendant's probation officer timely filed a petition to have defendant's probation revoked for violating its terms. After the defendant was convicted, the government filed a second petition for probation revocation, adding the fact that there was now a conviction. The second petition, however, was not filed within the probationary period. In examining the second petition under the law governing superseding indictments, the court concluded that the new language of the second petition was "of no substance." *Id.* at 436. It merely "updates the information in the first...no broader charge is contemplated by the second petition, and the notice by the first was sufficient." *Id.* at 437. Therefore, the court held, the trial court had jurisdiction because the first petition was timely filed with notice to the defendant and the second petition "worked no substantive change in the first." *Id.*

The Court finds *Schimmel* very persuasive on the issue of whether the Magistrate Court lacked jurisdiction to hear the Government's second petition. As a result, the Court concludes that the magistrate judge had jurisdiction to hear the second petition. As the Government states, and the Court agrees, both petitions charged Defendant with essentially the same violation—"failure to obey all laws." (Gov't['s] Opp'n to Def['s] App. at 5). Both petitions state the violation as "Failure to comply with the court order not to commit another federal, state, or local crime, in violation of the general condition of supervision; to wit, on March 15, 2000..." The sole purpose of the second

petition was, in effect, to "update" the petition to reflect the recently discovered information relating to the specific crime with which Defendant had been charged.

Defendant argues that the second petition "materially broadened and substantially amended the initial petition" and was therefore not within the court's jurisdiction. (Def['s] App. at 6). The Court disagrees. As previously stated, the violation alleged against Defendant in both petitions was for failure to obey the laws in violation of the conditions of his probation. No "broader" violation was alleged in the second petition. Once again, the only goal of the second petition was to correct a technical error as to the specific crime charged. It did not, as Defendant claims, "completely" change the allegations against him. (Def['s] Reply to Gov't['s] Opp'n at 4). It changed neither the substantive violation nor the date on which the violation allegedly occurred. Therefore, the initial petition provided Defendant with sufficient notice of the violation of probation being alleged against him. In addition, Defendant does not dispute the timeliness of the first petition or that a summons was properly issued in accordance with that petition. Thus, since the court already had jurisdiction to hear the initial petition, the fact that no warrant or summons was issued as to the second petition becomes irrelevant.

Accordingly, the Court holds that because the first petition was timely filed with notice to Defendant, and the second petition did not substantially change the violation alleged in the first, the Magistrate Court had jurisdiction to hear the second petition. It is for these reasons that Defendant's Appeal must be denied.

## Conclusion

The Court finds that United States Magistrate Judge, William Connelly, properly concluded that jurisdiction was vested to

hear and decide Defendant's Motion to Dismiss the amended petition for violation of probation. As a result, the Court declines to reverse Judge Connelly's decision or vacate the sentence imposed. Furthermore, the Court denies Defendant's request to direct the Magistrate Court to dismiss the second probation violation petition as untimely filed.

Based on the above findings, the Court affirms the judgment of conviction for the violation of probation as entered. A separate order consistent with this opinion will follow.