GARWOOD, Circuit Judge,
dissenting:
I respectfully dissent.
In my view, the majority’s virtually total reliance on the article “a”, which appears as the next to the last word of section 3583(i), ignores the principle that “[i]n determining the meaning of the statute, we look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy.” Crandon v. U.S., 494 U.S. 152, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990). Similarly, the Supreme Court has “[o]n numerous occasions ... noted that ‘[i]n expounding a statute we must not be guided by a single ... member of a sentence, but [m]ust look to the provisions of the whole law, and to its object and policy.’ ” Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987) (additional internal quotation marks and citations omitted). See also Henrikson v. Guzik, 249 F.3d 395, 398 (5th Cir.2001) (“It is important to ‘look to the structure and language of the statute as a whole’ ”).
Considering section 3583(i) as a whole,[1] it does essentially three things: (1) it recognizes the general rule that the power of the court to revoke supervised release “for a violation of a condition of supervised release” terminates at the expiration of the supervised release term; (2) it provides a single exception to this general rule for instances in which “before” the “expiration” of the supervised release term “a warrant or summons has been issued on the basis of an allegation of such a violation;” and it provides that in such a case the court’s power “extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration.”
Plainly, it is contemplated that the duration of the extension is geared to the subject matter of any warrant or summons issued before the supervised release term expires. In other words, the power to revoke supervised release is extended only for so long as reasonably necessary to dispose of that particular matter which was pending when the term expired. That the statute presupposes a nexus between the duration of the extension and the subject matter of the warrant or summons issued before the expiration of the term is evident from the fact that the stated condition that “a warrant or summons has been issued” must be understood to embrace only those warrants or summonses which are pending and undisposed of at the end of the term-though its literal language is not so restricted-else a charge based on warrant or summons issued and disposed of by the court in a ruling favorable to the defendant during the term would extend the power to revoke until after expiration of the term on an unrelated charge for which a warrant or summons was first issued after expiration of the term, a result obviously inconsistent with the purpose and design (though not the literal wording) *385 of section 358S(i).[2]
Given, then, that the extension of the court’s power to revoke supervised release is tied to the time reasonably necessary to dispose only of the subject matter or matters of any one or more then pending warrants or summonses alleging a violation or violations of conditions, it would be illogical to hold that a violation alleged for the first time in a warrant or summons issued after the expiration of the terms could form the basis for a revocation: the time reasonably necessary to dispose of the post-expiration of term warrant might well-indeed probably would-extend beyond the time necessary to dispose of the pre-expiration of term warrant.
Had Congress not intended to limit revocation after expiration of the term to conduct charged before the expiration of the term it would not have required that a warrant or summons have issued before the expiration of the term, but would instead merely have allowed some post-expiration of term period-say six months or a year-during which revocation could be ordered (on the basis of pre-expiration of term conduct).
The obvious purpose of section 3583(i)-to allow supervised release to be revoked on the basis of a pre-expiration of term warrant or summons which cannot reasonably be disposed of by the court before expiration of the term-is confirmed by its history. The courts of appeal have uniformly held that section 3583(i), and its probation counterpart, 18 U.S.C. § 3565(c),[3] merely codified the prior practice, which held that the court could, after the expiration of the term of supervised release or probation,[4] revoke the supervised release or probation on the basis of a violation charged in a warrant or summons issued prior to the expiration of the term. See, e.g., United States v. Neville, 985 F.2d 992, 998 (9th Cir.1993); United States v. Barton, 26 F.3d 490 (4th Cir.1994); United States v. Morales, 45 F.3d 693, 700-01 (2d Cir.1995). As we said in United States v. Jimenez-Martinez, 179 F.3d 980, 981 (5th Cir.1999), the language of Fed.R.Crim.P. 32.1(a)(2) which “provides for a hearing ‘within a reasonable time’ when a court is considering revocation” means that “the district court could exercise jurisdiction to revoke a term of supervised release and sentence an individual to prison when an arrest warrant was issued during the term but the revocation hearing was not held until after the term expired,” citing Neville, Barton, and Morales. Plainly, this is *386 speaking of revocation for the conduct for which the warrant was issued, for the hearing within a reasonable time provisions of Rule 32.1(a)(2) obviously do not apply to violations that the authorities are unaware of. As Neville observed, the rule that the hearing and action of the court on revocation can take place after the end of the term where revocation proceedings are begun by warrant or summons (or other means) within the term, make sense because otherwise “the only way to sanction a violator of supervised release toward the end of the term would require immediate revocation of supervised release upon being informed of the violation. Yet, due process concerns prevent a court from immediately revoking supervised release without a hearing.” Id. at 996-97.[5] Again, it is plain that this is speaking of revocation on the basis of conduct charged in a warrant or summons issued or motion filed before the end of the term, as the court would never be faced with the question of “immediately revoking supervised release without a hearing” for uncharged conduct.
The appropriate construction of the probation and supervised release revocation statutes in the present respect was directly addressed approximately a decade ago in United States v. Schimmel, 950 F.2d 432 (7th Cir.1991). There a petition to revoke probation was filed with the five year period allowed by former section 3653 (see note 4, supra), but after the five year period expired a second petition to revoke was filed and it was the second petition that the district court acted on in revoking probation. In determining whether the district court could properly revoke probation on this basis, the Seventh Circuit applied the “superseding indictment” rule, under which if an indictment is filed within the limitations period, and a superseding indictment is filed after limitations has run, then “ ‘[t]o the extent that the new language [in the superseding indictment] broadens the timely original charges, the superseding charges are barred by the statute of limitations.’ ” Id. at 436. The test is “ ‘whether a superseding indictment substantially changes the original charges.’ ” Id. The Seventh Circuit upheld the revocation in Schimmel because the second petition charged the same conduct as did the first, its “change in language from the first petition is of no substance” and “[n]o broader charge is contemplated by the second petition.” Id. at 436-37.
Similarly, in United States v. Downs, 2000 WL 1568598 (W.D.N.Y. Oct.19, 2000), the district court applied the superseding indictment rule in a case under section 3583(i) in which a petition to revoke and a warrant charging two violations were issued before the expiration of the term and a third violation was included for the first time in an amended petition to revoke filed after the expiration of the term. The court held that only the originally charged two violations, and not the third added after expiration of the term, could be considered.
I would follow the rule of Schimmel and Downs. It is noteworthy that despite the many decades of litigation concerning the timeliness of revocation of probation or supervised release, this is apparently the first decision which has ever held that a *387 timely initiation of proceedings to revoke supervised release or probation on a particular ground or grounds extends the jurisdiction of the district court to revoke on completely unrelated grounds as to which no revocation proceedings were initiated or summons or warrant issued within the supervised release or probationary term.[6]
Finally, I note that the majority’s almost total reliance on the article “a” which constitutes the next to last word of section 3583(i) is misplaced for yet another reason. The present case is not governed by section 3583(i) because Naranjo’s sentence and supervised release were imposed in 1988 and section 3583(i) was not enacted until 1994. See Morales, 45 F.3d at 696 n. 1. The majority looks to section 3583(i) only because it considers it declaratory of previously existing law. But nothing in previously existing law supports the majority’s holding. The rationale of the earlier decisions is entirely to the contrary-namely that when revocation proceedings were instituted (by issuance of warrant, summons or otherwise) within the supervised release or probation term,[7] then the jurisdiction of the district court to revoke probation or supervised release on the substance of those charges would extend for a reasonable time after the expiration of the term because it was contemplated that there would be a hearing on those charges. Obviously, that rationale does not apply to unrelated charges filed for the first time after the expiration of the term. Schimmel.
Finally, here revocation was ordered solely on the basis of conduct first charged over two and a half years after the term of supervised release expired, clearly well beyond any period reasonably necessary to dispose of the unrelated charge pending when the supervised release term expired.
Accordingly, I respectfully dissent from the affirmance of the revocation of supervised release.

. 18 U.S.C. § 3583(i) provides:
"(i) Delayed revocation. — The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.”

. And, obviously § 3583(i)’s reference to "matters arising before its [the term’s] expiration,” though literally broad enough to include, for example, a Title VII suit filed by the defendant during, and pending before the sentencing court at the expiration of, the term, cannot reasonably be read to include such a matter; rather the phrase must be read to embrace only alleged violations of the terms and conditions of supervised release.

. Section 3565(c) provides:
“(c) Delayed revocation. — The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.”

.In the case of probation, § 3565(c) also restricted the availability of revocation by requiring that the warrant or summons issue prior to the expiration of the defendant’s actual term of probation in contrast to the prior statute (former 18 U.S.C. § 3653) which merely required that the warrant or summons have issued prior to the end of the maximum probation term which could have been imposed (five years). See United States v. Neville, 985 F.2d 992, 998 n. 13 (9th Cir.1993); United States v. Barton, 26 F.3d 490, 492 n. 4 (4th Cir.1994).

. See also id. at 998, stating that "courts uniformly interpreted” the probation statute “to mean 'that as long as formal revocation proceedings are commenced (by arrest warrant or otherwise) within the five-year period, probation can be revoked, even if the revocation hearing starts and the actual revocation takes place after the end of the five-year period.’ ” (inside quotation marks supplied); quoting United States v. Bazzano, 712 F.2d 826, 835 (3d Cir.1983) (en banc).

. Or within the five year period specified in former § 3653 (see note 4 supra).

. Or, in cases governed by former § 3653, within the specified five year period. See note 4 supra.