**UNITED STATES of America**

v.

**Alan D. GASKINS, Defendant.**

**Crim. No. 90–153–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

April 21, 1994.

Sherrie Hardwick, Sp. Asst. U.S. Atty., Norfolk, VA, for the U.S.

Thomas B. Shuttleworth, Virginia Beach, VA, for defendant.

### MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

### I. Procedural History

On December 10, 1990, Alan D. Gaskins, defendant in this action, pled guilty to a Criminal Information charging him with subscribing to a false income tax return for the year 1985, in violation of Title 26, United States Code, section 7206(1). Subsequently, on January 16, 1991, this court sentenced defendant to a term of three (3) years, ordering him to serve thirty (30) days in a jail-type institution and suspending the remainder of the sentence. Further, the court placed defendant on probation for three (3) years, commencing on his release from confinement, and fined him $5,000.00.

Defendant's three-year period of probation began on February 21, 1991, upon his release from a local jail. As part of defendant's conditions of probation, he was required to spend the first ninety (90) days of his probation period in a community correctional facility. On February 15, 1994, defendant's probation officer, Mary H. Rafferty, requested this court issue a summons directing defendant to appear before the court to show cause why his probation should not be re-

voked. The court granted the probation officer's request and, on February 16, 1994, a summons was issued directing defendant to appear before the court for a hearing to determine whether he had violated his probation.

A hearing was held before this court on April 9, 1994, and, after taking evidence and hearing argument, this court determined that defendant violated the terms of his probation. The court found that, among other violations,[1] defendant violated Condition Two of his probation when he answered "no" to the question asking "were you arrested or named as a defendant in any criminal case?" on his January, 1994 report. In fact, on January 11, 1994, defendant was arrested in Virginia Beach, Virginia, for Arson of Personal Property with Intent to Defraud Insurance Company. Defendant admitted to making the false statement in his monthly report. After finding defendant in violation of his probation, the court revoked defendant's probation and sentenced him to serve fifteen (15) months in federal incarceration.

On April 11, 1994, defendant filed a motion requesting this court to reconsider and reduce the sentence imposed pursuant to the probation violation. Defendant contends that a plain reading of 18 U.S.C. §§ 3565 and 3553 requires this court to apply Section VII of the United States Sentencing Guidelines ("Guidelines") when determining the appropriate sentence upon his violation of probation. Application of that section, defendant contends, yields a sentencing range of three (3) to (9) months. Accordingly, defendant asks this court to impose a sentence within that range.[2]

### II. Applicability of Sentencing Guidelines

Defendant contends that this court should have applied the Guidelines when sentencing him for a violation of his probation, even though his original sentence was imposed under the law existing prior to the effective

---

1. The court also found that defendant failed to report two convictions for speeding and a safety belt violation, failed to report that he was questioned by law enforcement officers, submitted three monthly reports late, and failed, on several occasions, to submit verification of his IRS payments.

2. None of the arguments defendant now presents in his motion for reconsideration were raised prior to or during the revocation hearing held before this court.

date of the Guidelines. He bases this contention on his reading of section 3565, Title 18 of the United States Code. Section 3565 provides as follows:

> **(a) Continuation or revocation.**—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure and *after considering the factors set forth in section 3553(a) to the extent that they are applicable—*
>
> (1) continue him on probation . . . ; or
>
> (2) revoke the sentence of probation and impose any other sentence *that was available under Subchapter A at the time of the initial sentencing.*

18 U.S.C. § 3565 (emphasis added). One of the factors set forth in section 3553(a), to be considered when imposing sentence, is "any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) *that is in effect on the date defendant is sentenced.*" 18 U.S.C. § 3553(a)(5) (emphasis added).

The Guidelines apply to all "offenses" committed after November 1, 1987. 18 U.S.C. § 3551 note (Effective Date; Savings Provision). Thus, defendant appears to be arguing that the acts that constituted the "violation of [his probation] are a separate 'offense' from the crime that led to the initial imprisonment" and, therefore, that the Guidelines apply. *United States v. Bermudez,* 974 F.2d 12, 13–14 (2d Cir.1992) (holding that the district court should have considered Chapter VII policy statements, even though defendant originally was sentenced before Guidelines took effect); *see United States v. Schram,* 9 F.3d 741, 743 (9th Cir.1993) (violation of supervised release is a separate offense); *United States v. Blackston,* 940 F.2d 877, 882 n. 7 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 611, 116 L.Ed.2d 634 (1991) (same). Defendant argues that the phrase in section 3553, "the date the defendant is sentenced" refers to the date this court imposed a fifteen month sentence for violation of pro-

bation, not the date of his original sentencing. 18 U.S.C. § 3553(a)(5). Hence, the court should look to Chapter VII of the Guidelines in imposing a sentence for violation of probation.

■■■ The court finds defendant's argument unpersuasive. First, this court accepts the position taken by the Tenth Circuit when discussing this question:

> an act triggering revocation of probation is not an 'offense' within the meaning of the Sentencing Act. Revocation of probation does not carry its own punishment, but merely allows the court to set a new sentence for the original conviction. Indeed, many acts that trigger revocation of probation carry no criminal sanction at all once probation expires.

*United States v. Sanchez,* 907 F.2d 127, 128 (10th Cir.1990). Indeed, in the case at bar, many of the acts triggering revocation of defendant's probation are not criminal offenses.[3] The relevant "offense" in this case, filing of a false tax return for the year 1985, "was committed [over a year] before the November 1, 1987 effective date of the Sentencing Reform Act; therefore, that statute can have no application to defendant's probation revocation." *Id.*

■■■ Second, when imposing sentence after a revocation of probation, "the plain language of § 3565 in conjunction with § 3553 require[s] a sentencing court to impose only sentences which are available at the time of initial sentencing." *United States v. Maltais,* 961 F.2d 1485, 1486–87 (10th Cir.1992). Section 3565(a) mandates consideration of the factors set out in section 3553(a). In turn, section 3553(a) requires the court to consider pertinent policy statements "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5). For purposes of a probation revocation, "the date the defendant is sentenced" is the date the court imposes sentence on the underlying crime. *Id.* (repudiating position that sentencing occurs at the revocation hearing). In the case at bar, that occurred on January 16, 1991, when this

---

**3.** *See supra* note 1 & accompanying text. In particular, the primary act triggering revocation of defendant's probation, falsification of a monthly probation report in regard to an arrest for arson, is not a criminal offense.

court placed defendant on probation, *not* when he reappeared for a hearing on his probation violation.

■ The Guidelines became effective November 1, 1987, and Chapter VII was added effective November 1, 1990. Thus, the Guidelines themselves, and more specifically the policy statements set forth in Chapter VII, were not "available" when defendant was originally sentenced. *See United States v. Williams,* 943 F.2d 896, 896 (8th Cir.1991); *Maltais,* 961 F.2d at 1486–87. This is so regardless of the fact that the acts triggering the revocation of probation occurred after the Guidelines became effective. *Maltais,* 961 F.2d at 1487. Because defendant originally was sentenced under the indeterminate sentencing procedures in effect prior to implementation of the Guidelines, the court may, upon revoking defendant's probation, impose any sentence that was available under pre-Guidelines law. Defendant received a fifteen month sentence, a sentence well within the statutory maximum. Accordingly, the court finds no merit in defendant's argument that the Guidelines apply to his case.

### III. Chapter Seven of the Guidelines

■ Even if this court accepted defendant's argument that the Guidelines apply to the court's imposition of a period of incarceration after revoking defendant's probation, he still is not entitled to a reduction in sentence. Chapter VII of the Guidelines contains policy statements intended to "provide guidance" to courts dealing with violations of supervised release and probation. U.S.S.G. Ch. 7, Pt. A1, Introduction. The overwhelming majority of circuits addressing the issue have held that the Chapter VII policy statements are merely advisory, not binding. *See, e.g., United States v. Hooker,* 993 F.2d 898,

900–01 (D.C.Cir.1993); *United States v. Thompson,* 976 F.2d 1380, 1381 (11th Cir. 1992) (sentence above Chapter VII recommended range was proper); *Bermudez,* 974 F.2d at 14; *United States v. Cohen,* 965 F.2d 58, 60–61 (6th Cir.1992) (affirming sentence where district court considered, then rejected Chapter VII sentence); *United States v. Headrick,* 963 F.2d 777, 780 (5th Cir.1992) (same).[4]

■ Moreover, the statutes that govern probation revocation instruct the court to "consider" policy statements of the Sentencing Commission, "but do not suggest that the courts must follow those statements." *Hooker,* 993 F.2d at 900 (citing 18 U.S.C. §§ 3553(a)(5), 3565(a)). This court has read and carefully considered the policy statements contained in Chapter VII; it continues to believe that fifteen months incarceration is an appropriate sentence for defendant's violation of probation. The Chapter VII policy statements make it clear that a violation of probation is to be considered a "breach of trust." U.S.S.G. Ch. 7, Pt. A3(b). "The nature of the conduct leading to the revocation [sh]ould be considered in measuring the extent of the breach of trust." *Id.* This court feels that defendant's actions in lying to his probation officer constitute a serious breach of trust. As the court noted at the hearing, defendant's underlying conviction was for fraud. At sentencing, he represented himself as an upstanding citizen and, based in part on that representation, this court gave defendant a lenient sentence. Defendant now has breached the trust this court reposed in him and must, therefore, accept the consequences of his actions.

### IV. Conclusion

As the statutes make clear, defendant's sentence upon this court's revocation of his

---

4. *But see United States v. Lewis,*998 F.2d 497, 499 (7th Cir.1993) (holding, based on a statement in *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1917, 123 L.Ed.2d 598 (1993), that the Chapter VII policy statements are binding). *Stinson,* however, dealt with commentary explaining or interpreting a Guideline, not with policy statements. In *Williams v. United States,* the Supreme Court held that "where a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applica-

ble guideline." —— U.S. ——, ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992). As the D.C. Circuit noted in *Hooker,* Chapter VII policy statements are "independent of (and a conscious substitute for) any Guideline.... Whatever weight we give to policy statements which explain Guidelines that the courts must follow, it seems contrary to the Commission's purpose to treat Chapter VII policy statements, which were adopted to preserve the courts' flexibility, as binding." 993 F.2d at 901.

probation is not governed by the Guidelines. 18 U.S.C. §§ 3565(a), 3553(a)(5). The Guidelines, including the policy statements contained in Chapter VII, were not "available" at the time defendant was sentenced for the underlying offense. Hence, they cannot be applicable to his sentence upon violation of probation. Furthermore, even if the Guidelines applied to the case *sub judice*, the Chapter VII policy statements are not binding. This court has considered those policy statements and reaffirms its decision to sentence defendant to fifteen months incarceration in a federal penitentiary.

Accordingly, defendant's motion to reconsider and to reduce his sentence is DENIED.

It is so ORDERED.