**UNITED STATES of America, Appellee,**

v.

**James Thomas VOGEL, Defendant–Appellant.**

**No. 941, Docket 94–1411.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 28, 1995.

Decided April 6, 1995.

Fernande Rossetti, Albany, NY, for defendant-appellant.

George A. Yanthis, Albany, NY (Thomas J. Maroney, U.S. Atty. for the N.D.N.Y., of counsel), for appellee.

Before: WINTER and PARKER, Circuit Judges, and BATTS, District Judge.*

**PER CURIAM:**

■ James T. Vogel appeals from a judgment and sentence entered by Judge Cholakis. Vogel contends that the district court erred by failing to apply the United States Sentencing Guidelines (the "Guidelines") and abused its discretion by imposing an excessive sentence.

In 1988, Vogel pleaded guilty to an information charging two counts of making false statements to federally insured banks (counts one and two), one count of bank fraud (count three), and one count of converting employee pension funds to his own use (count four). Because his offenses occurred prior to the effective date of the Guidelines, Vogel was not sentenced under the Guidelines. Vogel was placed on three concurrent five year terms of probation for counts one, two, and four, scheduled to begin upon completion of his imprisonment for count three. In addition, Vogel was ordered to pay restitution.

In May 1994, Vogel admitted to violating the terms of his probation by making false statements regarding his income to the United States Probation Office in an attempt to evade the restitution order. After finding that Vogel had violated the terms of his probation, the district court imposed concurrent sentences of two years imprisonment on counts one and two of the original information, and three years on count four of the information.

Vogel contends that the Guidelines should have been applied at his sentencing for violating probation because the conduct that resulted in his probation being revoked occurred after November 1, 1987, the effective date of the Guidelines. However, Section 3565 of title 18, which governs revocation of probation, expressly provides that, where a defendant violates a condition of probation, the court "may revoke the sentence of probation and impose any other sentence that was available ... at the time of the initial sentencing." 18 U.S.C. § 3565(a). In light of

this statutory directive to impose a sentence available at the time of initial sentencing, we do not believe that Congress intended a violation of probation to be considered a separate offense. *See United States v. White,* 925 F.2d 284, 286 (9th Cir.1991) (holding that sentences under § 3565 cannot be based on a defendant's probation-violating conduct); *United States v. Von Washington,* 915 F.2d 390, 391–92 (8th Cir.1990) (per curiam); *United States v. Smith,* 907 F.2d 133, 135 (11th Cir.1990). Rather, Congress clearly intended for sentence to be imposed on the original conviction. *See United States v. Maltais,* 961 F.2d 1485, 1487 (10th Cir.1992). Vogel was properly sentenced without regard to the Guidelines, which were not applicable to his original criminal conduct and which were therefore unavailable at the time of his initial sentencing. *See United States v. Gaskins,* 849 F.Supp. 1102, 1105 (E.D.Va.1994) ("Because defendant originally was sentenced under the indeterminate sentencing procedures in effect prior to implementation of the Guidelines, the court may, upon revoking defendant's probation, impose any sentence that was available under pre-Guidelines law.").

We note that a probation violation is to be distinguished from a violation of the terms of supervised release. *United States v. Bermudez,* 974 F.2d 12 (2d Cir.1992) (per curiam), involved a defendant who was initially sentenced under pre-Guidelines law, but who violated the terms of her supervised release subsequent to the effective date of the Guidelines. Our remand instructed the district court to sentence the defendant in accordance with the Guidelines, because "a violation of supervised release is, for this purpose, a separate 'offense' from the crime that led to the initial imprisonment that, in turn, preceded the supervised release." *Id.* at 13–14. Our decision in *Bermudez* was driven by the statutory language governing revocation of supervised release, which is found in Section 3583 of title 18. Section 3583(e) *requires* the sentencing court to consider the factors set forth in Section 3553(a)(4) and (a)(5), which are the guidelines and policy statements

---

* The Honorable Deborah A. Batts, Judge, United States District Court for the Southern District of New York, sitting by designation.

comprising the Guidelines. Section 3565(a), in contrast, instructs the sentencing court to consider the factors set forth in Section 3553(a) only "to the extent that they are applicable." Where a defendant was originally sentenced prior to the Guidelines, the Guidelines are inapplicable to sentencing following revocation of probation.[1]

 Vogel also contends that his sentence for probation violation was improper because the district court imposed a sentence disproportionate to the nature of the offense. Vogel argues that the Guidelines should serve as a yardstick against which his pre-Guidelines sentence should be judged for excessiveness. We disagree. For offenses occurring prior to the effective date of the Guidelines, the sentencing court has " 'wide discretion in imposing sentence, and, ... if a sentence is within the permissible statutory limits and it does not appear that the court took into account any improper factor, the sentence may not be reviewed on appeal.' " *United States v. Ruggiero,* 928 F.2d 1289, 1306 (2d Cir.) (quoting *United States v. Giraldo,* 822 F.2d 205, 210 (2d Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987)), *cert. denied,* 502 U.S. 938, 112 S.Ct. 372, 116 L.Ed.2d 324 (1991). As stated in *United States v. Mejias,* 552 F.2d 435, 447 (2d Cir.) (citations omitted), *cert. denied,* 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977), pre-Guideline "[s]entences imposed within the statutory maximum are not reviewable in this Circuit, absent the possibility that the sentence was based on material misinformation or misunderstanding concerning a defendant, or on constitutionally impermissible factors." Because it does not appear that the district court took into account any impermissible factor and because Vogel was sentenced within the statutory maximum, we may not review the sentence.

Affirmed.

---

**1.** Moreover, as the court observed in *United States v. Stephenson,* 928 F.2d 728, 730–31 (6th Cir.1991), there are inherent differences between supervised release and probation. In probation, a defendant will not have served time for his offense, so resentencing should be connected with the Guidelines range applicable to the original offense. In supervised release, the individual will have already served time, so it might seem incongruous to resentence based upon the original allowable term.