United States Court of Appeals,

Eleventh Circuit.

No. 95-4311

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Carlos Alberto HURTADO-GONZALEZ, Defendant-Appellant.

Feb. 12, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 87-386-CR-JWK), James W. Kehoe, District Judge.

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Carlos Alberto Hurtado-Gonzalez ("Hurtado") appeals his sentence imposed by the United States District Court for the Southern District of Florida. For the reasons that follow, we affirm.

## I. *BACKGROUND FACTS*

A federal grand jury in the Southern District of Florida indicted Hurtado in a three-count indictment charging: (1) possession of counterfeit currency with the intent to defraud, in violation of 18 U.S.C. §§ 472 and 2; (2) the importation of counterfeit currency into the United States with the intent to defraud, in violation of 18 U.S.C. §§ 472 and 2; and (3) conspiracy to possess and to import into the United States counterfeit currency with the intent to defraud, in violation of 18 U.S.C. § 371. The criminal conduct that formed the basis for the indictment occurred prior to May 29, 1987.

Hurtado went to trial on the charges against him and was convicted on all three counts. The district court sentenced Hurtado to eighteen months of imprisonment for his conspiracy conviction, ordered that he be deported upon completion of his term of imprisonment, and suspended his sentence on the remaining two counts of conviction for a probation period of five years following his release from prison. During the probationary period, Hurtado was required—among other things—to refrain from violating any law of the United States or the several states and to reenter the United States only with the written permission of the Attorney General. The sentence Hurtado received was not imposed under the then-newly enacted United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), because Hurtado's criminal conduct occurred prior to the Guidelines' effective date of November 1, 1987. *See United States v. Burgess,* 858 F.2d 1512, 1514 (11th Cir.1988) (holding that the Guidelines are not applicable to criminal offenses committed before November 1, 1987).

Hurtado was duly deported after his release from prison, but he thereafter returned to the United States during his probationary period and engaged in additional criminal conduct, namely, drug trafficking. Hurtado eventually pled guilty to conspiracy to possess cocaine with the intent to distribute, and he was sentenced to another term of imprisonment by the United States District Court for the Middle District of Florida. While serving that sentence, Hurtado was brought back before the United States District Court for the Southern District of Florida for a probation revocation hearing based on his illegal reentry and subsequent commission of

a federal drug offense. The district court stated at the hearing that it would not consider Hurtado's illegal reentry into the United States "as far as his probation violation" was concerned, but it nevertheless found that Hurtado had violated a condition of his probation "by committing an additional [criminal] offense" during his probationary period (R2:6).

Having found a violation sufficient to revoke Hurtado's probation, the district court moved on to the sentencing stage of the hearing. At that stage, Hurtado's counsel noted as "an interesting factor" that Hurtado's sentencing range under the Guidelines would have been ten to sixteen months, but next stated that "[t]he important thing is ... the Court does have the discretion to give [Hurtado] any sentence it wants" (R2:11). The district court exercised its discretion and sentenced Hurtado to five years of imprisonment on each of the two counts of conviction for which sentence had originally been suspended in 1987. The district court decided that these two sentences would run concurrently with each other, but that they would run consecutively to the sentence Hurtado had received for his cocaine conspiracy conviction.

Hurtado objected to his sentence, again noting that under the Guidelines his sentencing range would only have been ten to sixteen months. Specifically, Hurtado's counsel stated:

> [T]his is originally not a Guideline sentence, but because a defendant who is facing this case would be under the Guidelines today, since the law has changed to make it more favorable for Mr. Hurtado, I think the court—it behooves me to not [sic] request that the Court sentence Mr. Hurtado as he would be if the Guidelines were in effect for his sentence and that sentence would be substantially less than the five year sentence he is receiving for the, as the court has just

imposed (R2:17).

The district court overruled Hurtado's objection, and this appeal ensued.

## II. *ISSUE*

Hurtado raises one issue on appeal: Whether a probation violation for a pre-Guidelines offense is subject to the Sentencing Guidelines where the conduct resulting in the probation violation occurred after November 1, 1987.

## III. *STANDARD OF REVIEW*

We review a pre-Guidelines sentence for an abuse of discretion. *United States v. Hall,* 47 F.3d 1091, 1099 (11th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 71, 133 L.Ed.2d 31 (1995).

## IV. *ANALYSIS*

The question presented in this appeal is one of first impression in this circuit. Persuasive authority from the Second Circuit, however, holds that "where a defendant was originally sentenced prior to the Guidelines, the Guidelines are inapplicable to sentencing following revocation of probation." *United States v. Vogel,* 54 F.3d 49, 51 (2d Cir.1995). The Second Circuit found that the plain language of 18 U.S.C. § 3565(a), which controls probation revocations, governed. *Id.* at 50. That section provides that when a defendant violates a condition of probation, the court "may revoke the sentence of probation and impose any other sentence that was available ... at the time of the initial sentencing." 18 U.S.C. § 3565(a). The court thus concluded that § 3565(a) freed the district court from having to apply the Guidelines when imposing a prison sentence following revocation of pre-Guidelines

probation because the Guidelines "were not applicable to [Vogel's] original criminal conduct and ... were therefore unavailable at the time of his original sentencing." *Vogel,* 54 F.3d at 50.

The only basis Hurtado provides for rejecting the Second Circuit's reasoning is that sentencing him under the Guidelines would promote the Guidelines' goal of sentencing uniformity. This claim fails on various grounds. First, "uniformity in sentencing" appears not to be a goal of the Guidelines insofar as probation revocations are concerned. The Sentencing Commission has expressly decided to issue only "advisory policy statements" on probation revocation rather than to promulgate mandatory guidelines in order to "provid[e] greater flexibility to ... the courts," which of course opens the door to less uniform sentencing. U.S.S.G., Ch. 7, pt. A, p.s. 3(a). Second, ordering a district court to sentence Hurtado as it would sentence a recently convicted counterfeiter would not lead to uniform sentencing. To do so would ignore the fact that Hurtado was given the opportunity to avoid imprisonment altogether by obeying his probation conditions—an opportunity he forfeited by committing additional crimes. Third, to adopt Hurtado's approach would create serious *ex post facto* problems in cases where the Guidelines call for a greater sentence than a district court might otherwise impose.

Finally, and most importantly, this court has held that defendants sentenced *under the Guidelines* must, upon the revocation of their probation, be sentenced in accordance with the sentences available at the time they were originally sentenced. *See United States v. Smith,* 907 F.2d 133, 135 (11th Cir.1990); *United States*

*v. Granderson,* 969 F.2d 980, 984-85 (11th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 3059, 125 L.Ed.2d 742 (1993); *United States v. Milano,* 32 F.3d 1499, 1502 (11th Cir.1994). Thus, *Smith, Granderson,* and *Milano,* like *Vogel,* rely on the premise that under § 3565(a) a district court is limited in sentencing a defendant after probation revocation only by whatever limits existed when it originally sentenced the defendant to probation. Because the Guidelines did not apply when the district court initially sentenced Hurtado to probation, the Guidelines cannot now limit the district court in sentencing Hurtado for the probation violation. *See Vogel,* 54 F.2d at 51. Accordingly, for the foregoing reasons, we affirm Hurtado's sentence.

AFFIRMED.