COBB, Judge.
F.C. pleaded guilty, as a youthful offender, to possession of a forged instrument, i.e., counterfeit currency, in the first degree, a violation of § 13A-9-5, Ala.Code 1975. F.C. was sentenced to 2 years’ imprisonment; that sentence was split and he was ordered to serve 6 months’ imprisonment and 18 months’ probation. The issue on appeal is whether the possession of counterfeit currency is an indictable offense under Alabama law. Although F.C. did not reserve this issue before pleading guilty, the issue is nonetheless preserved for appellate review because the issue is jurisdictional in nature. See Ross v. State, 529 So.2d 1074 (Ala.Cr.App.1988). Because we find no caselaw squarely on point, this is a matter of first impression.
F.C. argues that possession of counterfeit currency is not a crime under Alabama law, citing Thornton v. State, 570 So.2d 762 (Ala.Cr.App.1990). Thornton involves the use of a prior federal conviction for enhancement purposes upon application of the Habitual Felony Offender Act. In Thornton, this court held that a federal counterfeiting conviction could not be used to enhance a sentence under the Habitual Felony Offender Act because the Alabama Code does not contain a counterpart felony offense of counterfeiting.
In the instant case, the appellant was charged with the possession of a forged instrument, in this case counterfeit currency. Criminal possession of a forged instrument in the first degree is defined at § 13A-9-5, Ala.Code 1975, which provides:
“(a) A person commits the crime of criminal possession of a forged instrument in the first degree if he possesses or utters any forged instrument of a kind specified in Section 13A-9-2 with knowledge that it is forged and with intent to defraud.
“(b) Criminal possession of a forged instrument in the first degree is a Class B felony.”
The pertinent portion of § 13A-9-2, Ala. Code 1975, provides:
“(a) A person commits the crime of forgery in the first degree if, with intent to defraud, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
“(1) Part of an issue or series of stamps, securities or other valuable instruments issued by a government or governmental agency....”
Therefore, we must determine whether the term “forged instrument” as that term is used in § 13A-9-2, Ala.Code 1975, includes counterfeit currency.
‘When the plain meaning of a statute can be gleaned from its words, it should be so construed. It is well accepted that this court, in interpreting a statute, ‘will give words used in a statute their “natural, plain, ordinary, and commonly *202 understood meaning.’” R.T.M. v. State, 677 So.2d 801, 803 (Ala.Cr.App.1995), quoting Ex parte Etowah County Board of Education, 584 So.2d 528, 530 (Ala.1991); Alabama Farm Bureau Mut. Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984); Morgan County Commission v. Powell, 292 Ala. 300, 293 So.2d 830 (1974).
The term “-Written instrument” is defined at § 13A-9-1, Ala.Code 1975. That section provides:
“(1) Written instrument. Such term means:
“a. Any paper, document or other instrument containing written or printed matter or its equivalent; and
“b. Any token, stamp, seal, badge, trademark or other evidence or symbol of value, right, privilege.... ”
A counterfeit $100 bill falls within the plain meaning of “written instrument” — it is paper containing .printed matter, as required by § 13A-9-l(l). Thus, based on the plain, common meaning, we hold that counterfeit currency falls within the definition of forged instrument.
In Armstrong v. State, 518 So.2d 180 (Ala.Cr.App.1987), this court addressed a similar issue. Armstrong was convicted of forgery in the first degree for altering a one dollar bill, to make it appear to be a twenty dollar bill. In this case, we held that an altered one dollar bill was a forged instrument within the purview of § 13A-9-2, Ala.Code 1975.
The commentary to § 13A-9-2 through § 13A-9-4 states “[t]he Criminal Code does not specifically include the counterfeiting of ‘money’ although it may be covered by the general definition of ‘written instrument’ under § 13A-9-l(l). Federal law adequately covers the subject ..., and as a practical matter, prosecution normally would be in federal court.” The commentary does not exclude the possibility that counterfeit currency could form the basis for a forgery offense but merely explains that cases involving forgery of counterfeit currency are infrequent in state court because these cases are typically brought in federal court.[1]
For the above-stated reasons, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.

. See United States v. Geffrard, 87 F.3d 448 (11th Cir.1996); United States v. Hurtado-Gonzalez, 74 F.3d 1147 (11th Cir.1996); United States v. Sorrentino, 72 F.3d 294 (2nd Cir.1995); United States v. Ladd, 877 F.2d 1083 (1st Cir.1989); United States v. Everett, 719 F.2d 1119 (11th Cir.1983).