UNITED STATES of America,

v.

Richard SCHOENBERGER, Defendant.

Nos. Crim. A. 86–451–13, 87–320.

United States District Court,
E.D. Pennsylvania.

July 19, 2001.

Kristin Hayes, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

L. Felipe Restrepo, Krasner & Restrepo, Philadelphia, PA, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, Senior District Judge.

*Findings of Fact*

1. Defendant Richard Schoenberger was convicted of RICO conspiracy and possession of a firearm by a convicted felon.

2. On January 22, 1988, this court sentenced defendant to the custody of the Attorney General for eight years' imprisonment on Criminal No. 86–451–13 and five years' imprisonment on Criminal No. 87–320, said terms of imprisonment to run concurrently. In addition, the court suspended sentence and imposed five years' probation on Count 10 of Criminal No. 87–320 to commence upon release from imprisonment.

3. Among the conditions of probation imposed upon defendant were the following:

a) defendant shall not commit another federal, state, or local crime during the term of supervision;

b) defendant shall not purchase, possess, use, or administer any narcotic or controlled substance or any paraphernalia related to such substances, except as prescribed by a physician; and

c) defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

4. On August 25, 1994, defendant was arrested by Montgomery County detectives and charged with possession of one pound of methamphetamine and possession of to firearms.

5. Subsequently defendant entered into a Guilty Plea Agreement with the United States Attorney's Office for the Eastern District of Pennsylvania and the Office of the District Attorney of Montgomery County. The agreement required defendant to cooperate with law enforcement authorities.

6. Pursuant to that Guilty Plea Agreement, on May 18, 1995 defendant entered a plea of guilty to an information charging him with one count of participation in the affairs of an interstate enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c). On June 5, 2001, United States District Judge Jay C. Waldman granted the Government's Motion to Permit Departure from Guideline Sentencing Range and sentenced defendant to 110 months' imprisonment.

7. Also pursuant to the Guilty Plea Agreement, defendant pleaded guilty to three informations filed by the Office of the District Attorney of Montgomery County charging him with participation in a corrupt organization, in violation of 18 Pa.C.S. § 911, conspiracy to distribute methamphetamine, in violation of 18 Pa. C.S. § 903, and distribution of methamphetamine, in violation of 35 Pa.C.S. § 780–113(3). Defendant was sentenced on those charges on July 19, 2001 to 20 years of probation.

8. On September 11, 1994 a warrant was issued by the court for a violation of probation with the period of probation being tolled until the disposition of that pending arrest. It is noted that at the time of tolling, defendant had three years, one month and seven days remaining on probation supervision.

*Conclusions of Law*

■ 1. By his two guilty pleas, defendant has admitted that he violated his conditions of probation by committing federal and state crimes.

2. Probation is governed by the provisions of 18 U.S.C. § 3565. After holding a hearing pursuant to Federal Rule of Criminal Procedure 32.1, the court may continue the defendant on probation, with or without extending the term or modifying the conditions, or may revoke the sentence of probation and resentence the defendant. § 3565(a). In making that determination, the court is to consider the factors set forth in § 3553(a), among which are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to provide just punishment, adequate deterrence, to protect the public, and to rehabilitate the defendant.

■ 3. Because the term of probation was imposed upon Count 10 which carried a maximum term of imprisonment of ten years, the court may sentence defendant up to 10 years' imprisonment upon revocation. However, revocation is mandatory if

the defendant possesses a controlled substance in violation of a condition of probation. 18 U.S.C. § 3565(b)(1). Revocation is also mandatory if the defendant possesses a firearm in violation of federal law or otherwise violates a condition of probation prohibiting the defendant from possessing a firearm. 18 U.S.C. § 3565(b)(2).

4. Because the sentences imposed in these cases were for offenses committed before the effective date of the Sentencing Guidelines, the Guidelines do not apply to the sentence imposed following revocation of probation. *United States v. Vogel,* 54 F.3d 49 (2d Cir.1995).

An appropriate Order follows.

## ORDER

**AND NOW,** this 19th day of July, 2001, after a hearing and based on the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED** that the defendant's probation is **REVOKED** and the defendant is committed to the custody of the United States Bureau of Prisons for a term of 12 months to run concurrently with the sentence specified in paragraph 6 of the foregoing Findings of Fact.