12-4755-cr
United States v. Pena Soltren

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>AMENDED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                          12-4755-cr

JOSE RAFAEL RIOS CRUZ, MIGUEL CASTRO,
ALEJANDRO FIGUEROA,
         <u>Defendants</u>

LUIS ARMANDO PENA SOLTREN,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              James E. Neuman, Law Office of
                            James E. Neuman, New York, New
                            York.

1

**FOR APPELLEES:**                    Ryan P. Poscablo (with Jennifer
                                      G. Rodgers on the brief),
                                      Assistant United States
                                      Attorneys, for Preet Bharara,
                                      United States Attorney for the
                                      Southern District of New York.

Appeal from a sentence of the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant's sentence is **AFFIRMED.**

Luis Armando Peña Soltren appeals from a judgment of conviction entered on January 14, 2011, following his guilty plea to conspiracy to commit air piracy and kidnapping in violation of 18 U.S.C. § 371 (1964), 49 U.S.C. § 1472(i) (1964), and 18 U.S.C. § 1201 (1964); interfering with flight crew members in violation of 49 U.S.C. § 1472(j) (1964); and kidnapping in violation of 18 U.S.C. § 1201 (1964). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On November 24, 1968, Peña Soltren--then age 25--was one of three men who hijacked Pan American Airways Flight 281, en route from John F. Kennedy International Airport in New York to Puerto Rico. Using guns and knives to gain control of the plane, they forced the pilots to land in Havana.

Peña Soltren remained in Cuba for more than forty years. In October 2009, he returned to the United States, where he was arrested and prosecuted for the 1968 sky-jacking. Pursuant to a plea bargain, Peña Soltren pled guilty to the offenses detailed above.

This is Peña Soltren's second sentencing appeal. He was sentenced originally to fifteen years' imprisonment without the possibility of parole. On appeal, we vacated the sentence and remanded for resentencing on the ground that the district court erred in imposing a sentence that excluded the possibility of parole, a benefit that was available with respect to crimes committed in 1968. See United States v. Rios Cruz, 481 F. App'x 650, 652 (2d Cir. 2012).

2

In remanding for resentencing <u>de novo</u>, we declined to reassign the case. We noted that "[c]ontrary to Peña Soltren's assertion, Judge Hellerstein did not rely on any inappropriate factors in imposing sentence. On the contrary, the record shows that Judge Hellerstein fully considered Peña Soltren's mitigating arguments in determining his sentence and made no error casting a shadow on the court's impartiality." <u>Id.</u>

On remand, Judge Hellerstein sentenced Peña Soltren to fifteen years' imprisonment, with the possibility of parole after five years.

Peña Soltren's present appeal argues that the district court's sentence was substantively and procedurally unreasonable. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220 (2005). The appellate review standard of <u>Booker</u> and its progeny is inapplicable here, however, because Peña Soltren's offenses pre-dated the Sentencing Guidelines. In a pre-Guidelines case, the sentencing court has "'wide discretion in imposing sentence, and, . . . if a sentence is within the permissible statutory limits and it does not appear that the court took into account any improper factor, the sentence may not be reviewed on appeal.'" <u>United States v. Ruggiero</u>, 928 F.2d 1289, 1306 (2d Cir. 1991) (quoting <u>United States v. Giraldo</u>, 822 F.2d 205, 210 (2d Cir. 1987)). "In deciding what sentence to impose, 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" <u>McClain v. United States</u>, 676 F.2d 915, 918 (2d Cir. 1982) (quoting <u>United States v. Tucker</u>, 404 U.S. 443, 446 (1972)). A pre-Guidelines sentence will be "vacated . . . if it is 'founded at least in part upon misinformation of constitutional magnitude.'" <u>Id.</u> (quoting <u>Tucker</u>, 404 U.S. at 447).

Like the district court, we are sensitive to Peña Soltren's difficult personal history, both before and after his crime. There seems to be no reason to question his genuine remorse and his otherwise unblemished record of service to family and community. But we find no error--much less one of constitutional magnitude--in the district court's sentencing. The record demonstrates that Judge Hellerstein carefully and seriously reflected on a wide range of relevant and permissible factors before imposing a sentence within the applicable statutory range. The judge's lengthy discussion of appellant's character and the nature

of his crime leaves no doubt that Peña Soltren's fate "caused [Judge Hellerstein] to do a lot of thinking and lose a lot of sleep." Tr. of Second Sentencing Hrg., App'x 47. As in Peña Soltren's prior appeal, the record demonstrates that "Judge Hellerstein fully considered Peña Soltren's mitigating arguments in determining his sentence and made no error casting a shadow on the court's impartiality." Rios Cruz, 481 F. App'x at 650.

Our review of this pre-Guidelines sentence is narrowly circumscribed. "Because it does not appear that the district court took into account any impermissible factor and because [Peña Soltren] was sentenced within the statutory maximum, we may not review the sentence." United States v. Vogel, 54 F.3d 49, 51 (2d Cir. 1995).

**AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

