**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000593
31-MAR-2014
03:37 PM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BARDWELL JOSEPH EBERLY, Defendant-Appellant, and
ANTONY M. MOORE, CHRISTINA WHITLEY, Defendants

NO. CAAP-13-0000593

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 11-1-1117)

MARCH 31, 2014

FOLEY, PRESIDING JUDGE, LEONARD AND GINOZA, JJ.


OPINION OF THE COURT BY LEONARD, J.

Defendant-Appellant Bardwell Joseph Eberly (**Eberly**)
appeals from an April 2, 2013 Judgment of Conviction and Sentence
(**Judgment of Conviction**), which was entered by the Circuit Court
of the First Circuit (**Circuit Court**).[1]  The Judgment of
Conviction was entered pursuant to Eberly's guilty plea to
Forgery in the Third Degree, in violation of Hawaii Revised
Statutes (**HRS**) § 708-853 (1993), which provides:

> **Forgery in the third degree.**  (1)  A person commits
> the offense of forgery in the third degree if, with intent
> to defraud, the person falsely makes, completes, endorses,
> or alters a written instrument, or utters a forged
> instrument.
>      (2)  Forgery in the third degree is a misdemeanor.

Eberly's sole argument on appeal is that the Hawai'i
forgery statutes do not apply to counterfeit U.S. currency, and

---

[1]     The Honorable Randal K.O. Lee presided, unless otherwise noted.

therefore, the Judgment of Conviction should be reversed. For the reasons set forth below, we affirm.

I.   RELEVANT FACTS

On August 17, 2011, the State of Hawai'i (**State**) charged Eberly, along with two co-defendants, Antony M. Moore (**Moore**) and Christina Whitley (**Whitley**), by a Felony Information and Non-Felony Complaint.[2] Eberly was charged with, *inter alia*, Forgery in the First Degree, in violation of HRS § 708-851(a) (Supp. 2013)[3] (**Count VII**). In Count VII, the State alleged:

> On or about the 14th day of August, 2011, in the City and County of Honolulu, State of Hawaii, Bardwell Joseph Eberly did, with intent to defraud, utter a forged instrument, to wit, a written instrument purported to be United States Currency, which is or purports to be, or which is calculated to become or to represent if completed, part of an issue of stamps, securities, or other valuable instruments issued by a government or governmental agency, thereby committing the offense of Forgery in the First Degree, in violation of Section 708-851(a) of the Hawaii Revised Statutes.

At the arraignment and plea hearing, Eberly, Moore, and Whitley each entered a plea of not guilty.

On March 28, 2012, the State transmitted the following plea offer to Eberly, through his counsel, Venetia Carpenter-Asui (**Carpenter-Asui**):

> 1.  Defendant shall plead GUILTY to the lesser offense of Forgery in the Third Degree in Count 7 of the Information;
> 2.  The State will agree to Defendant being released on Supervised Release pending his sentence with the standard terms and conditions of release;

---

[2]   On August 18, 2011, the State filed and the Circuit Court granted an Ex Parte Motion to Notice Clerical Mistakes in Felony Information and Non-Felony Complaint and in Warrant of Arrest for Information Charging, to File Amended Felony Information and Non-Felony Complaint, and to Correct All Records Hereafter. On the same day, the State filed an Amended Felony Information and Non-Felony Complaint.

[3]   HRS § 708-851(a) provides:

> **Forgery in the first degree.** (1) A person commits the offense of forgery in the first degree if, with intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument, or fraudulently encodes the magnetic ink character recognition numbers, which is or purports to be, or which is calculated to become or to represent if completed:
> (a)   Part of an issue of stamps, securities, or other valuable instruments issued by a government or governmental agency; or . . . .

3. The Court must bind itself to this agreement pursuant to Rule 11, Hawaii Rules of Penal Procedure.

Eberly signed and filed a guilty plea form on April 12, 2012, which stated as the plea's factual basis: "On 8/14/11[,] I committed forgery in the 3rd degree with intent to defraud[.] I gave Christina Whitley a counterfeit $20.00 bill." On the same day, the Circuit Court held a hearing on Eberly's change of plea, and stated, after Eberly was examined by the court concerning his change of plea:

> I find that Mr. Eberly voluntarily, intelligently, and knowingly enters his plea with an understanding of the nature of the charge against him and the consequences of his plea. I also find that there's a factual basis for his plea. His plea is accepted. And I find Mr. Eberly guilty of Forgery in the Third Degree.

Pursuant to the plea agreement, Eberly was released on supervised release pending sentencing. At a sentencing hearing on June 26, 2012, the Circuit Court stated that sentencing would be continued because:

> Under the [plea] agreement, I was inclined to give you probation, but you had another matter that was in front of Judge Town when Judge Town was sitting as a judge, and apparently you got convicted in that matter and Judge Town sentenced you to the open term, but he stayed the jail pending an appeal. The appeal had come back from the Supreme Court, and the Supreme Court affirmed the conviction, and under the law I cannot put you on probation if you're gonna go to jail. You cannot be on probation and in jail at the same time, so Judge Town's judgment needs to be executed. So what I'm gonna do is continue these matters, continue this - your sentencing for 30 days . . . .

On October 26, 2012, based on Eberly's alleged violation of various conditions of his supervised release, the State filed a Motion for Revocation of Supervised Release; Issuance of Bench Warrant on October 26, 2012. The Circuit Court issued the bench warrant on the same day, and Eberly was arrested on October 31, 2012.

At the December 7, 2012 hearing on Eberly's sentencing and motion to revoke his supervised release, Eberly's counsel informed the court that Eberly indicated that he would like to "get a new court-appointed attorney. And he would like to orally revoke his plea of guilty." The court instructed counsel to file a motion to withdraw, and stated that sentencing would be

continued until after the motion to withdraw could be heard. The court stated that Eberly's desire to withdraw his plea would have to be discussed with his new counsel, once he or she was appointed. Carpenter-Asui filed a motion to withdraw as court-appointed counsel on December 21, 2012.

At a hearing on January 29, 2013, the Circuit Court granted counsel's motion to withdraw and continued sentencing until Eberly was represented by new counsel. On January 30, 2013, the Circuit Court (Honorable Richard K. Perkins presiding) appointed new counsel, Shawn A. Luiz, who has represented Eberly throughout the remainder of the proceedings, including on appeal.

At Eberly's April 2, 2013 sentencing hearing, the Circuit Court first granted the State's motion for *nolle prosequi* as to the other charges made against Eberly. Thereafter, the court again explained that

> because . . . the Supreme Court had affirmed Mr. Eberly's prior felony conviction in which he was sentenced to five years in prison, and that's why Mr. Eberly is currently incarcerated under that case, the Court cannot place Mr. Eberly on probation for anything less than a jail term because he cannot be on probation and in jail at the same time under the statute.
> So, the Court's inclination at this point is to sentence Mr. Eberly to one year in jail, credit for time served, concurrent.

Defense counsel agreed: "Yes, Your Honor. Just looking at the procedural posture of the case today, it seems that that's the only thing that can be done at this point. And because it's concurrent and credit for time served, then Mr. Eberly is almost -- done or almost complete with his sentence." When asked if he had anything to say, Eberly responded in the negative and stated: "I just want to get this over with at this time." In response, the court reiterated that

> I would have put you on probation, but because the other case came down and the Supreme Court said that . . . the sentence was valid . . . I cannot put you on probation and jail at the same time. But I will make it concurrent, which means with credit for time served. Okay? So which means you're almost finished - I think you're almost finished with the sentence on this already anyhow. And it will expedite matters before the Parole Board for you.

The Judgment of Conviction was entered on April 2, 2013. Eberly timely filed a Notice of Appeal on May 1, 2013.

II.  POINT OF ERROR

Eberly's sole point of error on appeal is that the plain and unambiguous language of the forgery statutes, including HRS §§ 708-851 (Forgery in the First Degree) and 708-753 (Forgery in the Third Degree), and the canon of *ejusdem generis,* compel a finding that the forgery statutes do not apply to counterfeit U.S. currency.  Eberly characterizes his contention as being jurisdictional, *i.e.,* that there is no subject matter jurisdiction because the forgery statutes do not apply to counterfeit U.S. currency.

III. APPLICABLE STANDARDS OF REVIEW

Where the appellant cannot point to "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency" below, this point of error "will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."  Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  "Normally, an issue not preserved at trial is deemed to be waived.  But where plain errors were committed and substantial rights were affected thereby, the errors may be noticed although they were not brought to the attention of the trial court."  State v. Fagaragan, 115 Hawai'i 364, 367-68, 167 P.3d 739, 742-43 (App. 2007) (citations, internal quotation marks and brackets omitted).

The "existence of jurisdiction is a question of law that we review *de novo* under the right/wrong standard.  Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action."  Amantiad v. Odum, 90 Hawai'i 152, 158-59, 977 P.2d 160, 166-67 (1999) (citations and internal quotation marks omitted).  "If a court lacks jurisdiction over the subject matter of a proceeding, any judgment rendered in that proceeding is invalid."  Bush v. Hawaiian Homes Comm'n, 76 Hawai'i 128, 133, 870 P.2d 1272, 1277 (1994).

IV.  DISCUSSION

As noted by the State, "a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any

nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990). We may consider, however, Eberly's claim as to whether the circuit court had jurisdiction. Pursuant to HRS § 603-21.5(a)(1) (Supp. 2013), "[t]he several circuit courts shall have jurisdiction, except as otherwise expressly provided by statute of . . . [c]riminal offenses cognizable under the laws of the State, committed within their respective circuits or transferred to them for trial by change of venue from some other circuit court[.]" (Emphasis added). See also State v. Alagao, 77 Hawai'i 260, 261-62, 883 P.2d 682, 683-84 (App. 1994) ("Jurisdiction of the offense charged (subject matter jurisdiction) . . . [is a] fundamental and indispensable prerequisite[] to a valid prosecution. A court has subject matter jurisdiction over a case if it is authorized to take cognizance of, try, and determine a case involving that subject matter." (citation omitted)). The supreme court has defined "offense" as "a breach of the criminal laws, i.e., a violation of law for which a penalty is prescribed." State v. Dudoit, 90 Hawai'i 262, 269, 978 P.2d 700, 707 (1999) (citation, internal quotation marks and brackets omitted).

In this case, Eberly argues that the offense charged is not a breach of Hawai'i criminal laws, i.e., the forgery statutes, because the Hawai'i Legislature did not intend for HRS §§ 708-851 and/or 708-853 to apply to counterfeit U.S. bills. Eberly bases his argument on a "plain meaning" reading of the statutory language and the doctrine of ejusdem generis.

The Hawai'i Supreme Court has held:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. In the event of ambiguity in a statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and

sentences may be compared, in order to ascertain their true meaning.

State v. Bayly, 118 Hawai'i 1, 6-7, 185 P.3d 186, 191-92 (2008) (citations and internal quotation marks omitted; format altered).

"It is a basic rule of statutory interpretation that provisions of a penal statute will be accorded a limited and reasonable interpretation . . . in order to preserve its overall purpose and to avoid absurd results." Id. at 7, 185 P.3d at 192 (citation, internal quotation marks and brackets omitted).

The statute with which Eberly was charged, HRS § 708-851 (emphasis added), provides in relevant part:

> **Forgery in the first degree.** (1) A person commits the offense of forgery in the first degree if, with intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or <u>utters a forged instrument</u>, or fraudulently encodes the magnetic ink character recognition numbers, which is or purports to be, or which is calculated to become or to represent if completed:
>> (a) Part of an issue of stamps, securities, <u>or other valuable instruments issued by a government or governmental agency</u>; or . . . .

Using similar language, the statute to which Eberly pled guilty, HRS § 708-853 provides (emphasis added):

> **Forgery in the third degree.** (1) A person commits the offense of forgery in the third degree if, with intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or <u>utters a forged instrument</u>.
>> (2) Forgery in the third degree is a misdemeanor.

The charge against Eberly points to the "utters a forged instrument" portion of the above statutes:

> On or about the 14th day of August, 2011, in the City and County of Honolulu, State of Hawaii, Bardwell Joseph Eberly did, with intent to defraud, <u>utter a forged instrument</u>, to wit, a written instrument purported to be United States Currency, which is or purports to be, or which is calculated to become or to represent if completed, part of an issue of stamps, securities, or other valuable instruments issued by a government or governmental agency, thereby committing the offense of Forgery in the First Degree, in violation of Section 708-851(a) of the Hawaii Revised Statutes.

(Emphasis added.)

The Legislature has defined "forged instrument," which is used in both statutes above, as "a written instrument which has been falsely made, completed, endorsed, or altered." HRS § 708-850(7) (1993). "Written instrument" means:

(a)   Any paper, document, or other instrument containing written or printed matter or its equivalent; or
(b)   Any token, coin, stamp, seal, badge, trademark, or other evidence or symbol of value, right, privilege, or identification[.]

HRS § 708-850(1) (1993). Finally, "utter," in relation to a forged instrument, "means to offer, whether accepted or not, a forged instrument with representation by acts or words, oral or in writing, that the instrument is genuine." HRS § 708-850(8) (1993).

The factual basis of Eberly's guilty plea was as follows: "On 8/14/11[,] I committed forgery in the 3rd degree with intent to defraud[.] I gave Christina Whitley a counterfeit $20.00 bill." A counterfeit $20 bill falls squarely within the statutory definition of "written instrument" in that it is paper, containing printed matter. See HRS § 708-850(1). Thus, we conclude, based upon the plain and unambiguous language of the statute, Eberly's act of giving Whitley a counterfeit $20 bill, under the circumstances described in his plea, constitutes a violation of law pursuant to Hawaiʻi's forgery statutes. Accord F.C. v. State, 742 So.2d 200, 202 (Ala. Crim. App. 1999) (concluding, with respect to an analogous statutory provision, that a "counterfeit $100 bill falls within the plain meaning of 'written instrument'--it is paper containing printed matter, as required by § 13A-9-1(1) [of Ala. Code 1975]" and holding that "counterfeit currency falls within the definition of forged instrument."). Accordingly, we reject Eberly's argument that based on their plain language, the forgery statutes do not apply to counterfeit U.S. currency.

Eberly also urges this court to apply the doctrine of ejusdem generis, which has been stated as follows: "[W]here general words follow specific words in a statute, the general words are construed to embrace only objects similar in nature to

those objects enumerated by the preceding specific words." Singleton v. Liquor Comm'n, Cnty. of Hawai'i, 111 Hawai'i 234, 243 n.14, 140 P.3d 1014, 1023 n.14 (2006) (citations and internal quotation marks omitted). Eberly points to the phrase "or other valuable instruments" in HRS § 708-851(1)(a) as the general term, which is preceded by "stamps, securities" as the specific terms. Eberly's reasoning is flawed. As an alternative method of statutory interpretation, *ejusdem generis* is secondary to the "language of the statute itself," which is dispositive in this case. Bayly, 118 Hawai'i at 6, 185 P.3d at 191.

As explained above, although "U.S. currency" is not specifically included in the definition of "written instrument," a $20 bill is "paper . . . containing written or printed matter." HRS § 708-850(1)(a). Morever, HRS § 708-850(1)(b) specifically includes "coin" in the definition of "written instrument." The result would be absurd if the utterance of a counterfeit penny, with the intent to defraud, would be considered an offense based on our interpretation of the definition of "written instrument" in the context of forgery statutes, yet the utterance of a counterfeit $20 bill, which has more value, would not be included as an offense. See Bayly 118 Hawai'i at 7, 185 P.3d at 192 ("It is a basic rule of statutory interpretation that provisions of a penal statute will be accorded a limited and reasonable interpretation . . . in order to preserve its overall purpose and to avoid absurd results." (citation, internal quotation marks and brackets omitted).

For these reasons, we hold that Eberly's conduct of uttering counterfeit U.S. currency, with the intent to defraud, constituted an offense pursuant to Hawaii's forgery statutes.

V.     CONCLUSION

Therefore, the Circuit Court's April 2, 2013 Judgment of Conviction is affirmed.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee